### 74815. SHAW v. FILLMAN et al.
(361 SE2d 518)

POPE, Judge.

Appellant Shaw entered into negotiations with appellees Fillman and Proven, Inc. to purchase the inventory and other assets of a ladies apparel store which was going out of business. Shaw knew that Fillman was acting as the seller's broker. Nevertheless, it is undisputed that Fillman represented to Shaw that he would undertake certain duties toward her, including: (1) seeing that all information requested by her was obtained from the seller; (2) communicating offers to the seller; and (3) assuring that when the deal was closed it would be satisfactory to both parties. The seller accepted Shaw's written offer to purchase a portion of the store's inventory and to assume liability of approximately $14,400 for "merchandise on order." Fillman prepared a written contract to be signed by both parties. He informed Shaw the contract reflected the terms of her offer. However, the contract did not refer to merchandise on order but, instead, indicated part of the purchase price included the above-stated amount for assumption of "accounts payable." In compliance with the contract, at closing the seller produced an updated list of vendors with unpaid accounts. According to her affidavit, it was Shaw's understanding that the accounts payable referred to in the written contract and attached to the closing documents were comprised only of merchandise on order because she "had been told that all bills were paid up to date." We note that there is nothing on the face of the list of accounts payable that indicates the merchandise reflected in those accounts had already been delivered.

Shortly after closing, one of the creditors listed on the closing documents brought an action on open account against the seller and Shaw. If Shaw is held liable on the account, she will, in effect, pay a second time for merchandise she purchased from the seller. Shaw answered and named Fillman as third-party defendant. Shaw appeals from the grant of summary judgment to Fillman.

1. Fillman can be liable to Shaw only if he breached a fiduciary duty owed her. Fillman's agency relationship with the seller would not necessarily preclude Fillman from also entering into a fiduciary

relationship with Shaw. Dual agency is not contrary to public policy so long as it is known and consented to by the contracting parties. *Spratlin, Harrington & Thomas v. Hawn*, 116 Ga. App. 175 (1) (156 SE2d 402) (1967). " 'An agent may perform mere ministerial acts, involving no discretion, for one of the parties to the contract, though he is agent for the other party. He is forbidden to act for both only when there is opportunity that the skill and judgment which he should exercise for the one may conflict with the skill and judgment he should exercise for the other.' [Cit.]" Id. at 182. Here, the seller's broker [Fillman] agreed to perform certain ministerial acts for the buyer which do not appear to be in conflict with the duties he owed the seller. Neither is there any evidence the seller did not know or consent to the broker's assistance to Shaw. Fillman represented he would obtain all information Shaw requested from the seller. If Shaw can show Fillman negligently misrepresented information concerning the nature of the accounts for which she assumed liability from the seller, Shaw may be able to prevail in her third-party claim.

Fillman also represented he would see that the final agreement was satisfactory to her. Shaw's written offer to assume liability for certain amounts clearly applied only to merchandise on order. The purchase contract prepared by Fillman referred not to merchandise on order but to accounts payable. We reject Fillman's argument that the written contract represents a counteroffer since the undisputed evidence shows Shaw's written offer was accepted. To the extent the purchase contract differed from the written offer and acceptance, a genuine issue of fact exists as to whether Fillman is liable for breach of fiduciary duty to Shaw.

"The rule in this state is that where one who can read signs a contract without reading it, he is bound by the terms thereof, unless he can show that an emergency existed at the time of signing that would excuse his failure to read it, or that the opposite party misled him by an artifice or device which prevented him from reading it, or that a fiduciary or confidential relationship existed between the parties upon which he relied in not reading the contract." *Cochran v. Murrah*, 235 Ga. 304, 305 (219 SE2d 421) (1975). The undisputed evidence shows Fillman made certain representations to Shaw concerning the status of the seller's accounts and the meaning of certain terms in the contract. The duty of Fillman to Shaw, if any, is analogous to the duty of an insurance agent who is alleged to have been negligent in procuring insurance for the insured. See, e.g., *Stewart v. Boykin*, 165 Ga. App. 868 (303 SE2d 50) (1983); *Johnson v. Pennington Ins. Agency*, 148 Ga. App. 147 (251 SE2d 116) (1978). "We hold that a genuine issue of material fact exists as to whether an agency relationship existed between [third-party] plaintiff and [third-party] defendant and therefore summary judgment was improper."

*Stewart v. Boykin*, supra at 871.

2. "To make out a cause of action for fraud and deceit it is necessary to allege that the person defrauding by false statements or by representations inducing the other person to act to his injury, knew that the representations were false and made the same with the intent to deceive and defraud on existing facts." *C. M. Miller Co. v. Ramey*, 82 Ga. App. 807, 809 (62 SE2d 768) (1950). We agree Shaw's third-party complaint against Fillman fails to state a claim for fraudulent misrepresentations.

3. The remaining enumerations of error are addressed in Division 1 of this opinion.

*Judgment affirmed in part and reversed in part. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 11, 1987 —
REHEARING DENIED SEPTEMBER 29, 1987.

*Robert E. Born*, for appellant.
*Mickey G. Roberts*, for appellees.