A89A1488. TRUSSELL SERVICES, INC. v. CITY OF MONTEZUMA.
(386 SE2d 732)

McMURRAY, Presiding Judge.

Plaintiff Trussell Services, Inc., filed this action for damages against defendant City of Montezuma, alleging that plaintiff's building was damaged by flood waters coming from the public streets of the city due to the negligent manner in which defendant cleaned and maintained the paved street surfaces near plaintiff's building. By amendment, plaintiff added a second basis for its claim, that the damages to its building resulted from a wrongful taking or damaging of private property for public purpose without just and adequate compensation being made as required by the Constitution of the State of Georgia of 1983, Art. I, Sec. III, Par. I.

Following discovery, defendant moved for summary judgment. Plaintiff appeals from the grant of defendant's motion for summary judgment. *Held*:

Insofar as plaintiff's action is predicated upon the alleged negligence of the defendant city in failing to maintain and provide an effective drainage system sufficient to divert the flow of rainwater from

plaintiff's property, the doctrine of sovereign immunity bars recovery, since the function of maintaining a drainage system is governmental. *City Council of Augusta v. Williams*, 81 Ga. App. 132 (58 SE2d 208). Likewise, any recovery predicated upon a contribution to plaintiff's injury by the defendant's negligent failure to remove trash is also barred, since removal of trash is also a governmental function. *Ethridge v. City of Lavonia*, 101 Ga. App. 190 (112 SE2d 822). Also, we note the absence of any evidence that a nuisance was created. A single isolated act of negligence not continuous or recurrent, is not sufficient to show a negligent trespass constituted a nuisance. *City of LaGrange v. Whatley*, 146 Ga. App. 174 (246 SE2d 5); *City of East Point v. Terhune*, 144 Ga. App. 865, 866, 867 (1) (242 SE2d 728).

Finally, we reject plaintiff's contention that its property was "taken" for a public use. See Constitution of the State of Georgia of 1983, Art. I, Sec. III, Par. I; *C. F. I. Constr. Co. v. Bd. of Regents &c. of Ga.*, 145 Ga. App. 471, 474 (4), 475, 477 (243 SE2d 700). Plaintiff argues that defendant, in effect, took its property and made it a part of the municipal drainage system without plaintiff's consent or the payment of just and adequate compensation. However, we must reject plaintiff's argument as controlling precedent shows clearly that from this inadvertent event " 'no inference can be drawn that the damage to the plaintiff's [building] was done in order that it be used for a 'public purpose.' " *Johnson v. City of Atlanta*, 117 Ga. App. 586, 588 (161 SE2d 399). The superior court did not err in granting defendant's motion for summary judgment.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 22, 1989.

*G. Leonard Liggin*, for appellant.

*Hodges, Erwin, Hedrick & Kraselsky, William H. Hedrick, Gail Singleton*, for appellee.