A91A0741. STELTS et al. v. EPPERSON.
(411 SE2d 281)

BEASLEY, Judge.

Plaintiffs, Mr. and Mrs. Stelts, appeal from the grant of defendant Epperson's motion for summary judgment.

Epperson was a real estate agent for Metro Brokers whom the

Stelts requested to locate a home for them. The Steltses attended a "seminar" conducted by Epperson at which purchasing strategies were discussed. Epperson told them, according to Stelts, that he represented them but was paid all commissions by the seller. Epperson related that the Steltses were given a letter which advised them that he represented sellers and that providing information to them did not create an agency relationship between Metro and him and the Steltses. Epperson then showed the Steltses several homes in the area of their interest.

During their search for a new home, Mrs. Stelts saw the residence of the Falcos and informed Epperson of interest in that home. He contacted the listing agent and arranged for the Steltses to see the Falco residence. According to Epperson, he informed the Steltses that the property was in a flood plain and the home backed up to Roswell Road which possibly might be widened. After the initial visit the Steltses viewed the home on several more occasions. During these visits Mr. Stelts and Mr. Falco walked the property line, recounted Epperson. Mr. Stelts denied this. The Steltses learned that the Department of Transportation had a 15-foot "buffer zone" or "green way" restriction on the property, but were not told that DOT had acquired a portion of the property for right-of-way which backed up to Roswell Road. They did know that Roswell Road might be widened.

The Steltses made an offer on the property to the Falcos and they accepted. As part of the pre-closing procedure, the Steltses' lender, Decatur Federal, sent a letter to them outlining the conditions of closing, including the requirement that they obtain a survey showing all easements and rights-of-way on the property. The Steltses asserted a copy of the letter was sent to Epperson who did not remember receiving or seeing it. Under the Steltses' version, Epperson volunteered to arrange for a survey; according to Epperson, Mr. Stelts requested that he obtain a survey for the property because Mr. Stelts was too busy.

In any case, Epperson contacted a surveying company and a survey was accomplished. However, the survey was a simple mortgage survey which did not uncover the presence of DOT's right-of-way on the property. In order to discover the right-of-way a specific request would have to be made or an American Land Title Association/American Congress on Surveying and Mapping survey would have to be ordered. As a result, some months after the closing, road construction which infringed on the Steltses' newly acquired property began. This and other lawsuits ensued.

The Steltses contend that Epperson owed them a duty which he negligently failed to fulfill by obtaining a survey which did not reveal the burden on their property. Their argument that Epperson occupied a fiduciary status with them falls. *Hill v. Century 21 Max*

*Stancil Realty*, 187 Ga. App. 754, 755 (2) (371 SE2d 217) (1988); *Bennett v. Clark*, 192 Ga. App. 698, 699 (2) (385 SE2d 780) (1989). Compare *Shaw v. Fillman*, 184 Ga. App. 364 (1) (361 SE2d 518) (1987).

Nevertheless, one who undertakes to do an act or perform a service for another has the duty to exercise care, and is liable for injury resulting from his failure to do so, even though his undertaking is purely voluntary or even though it was completely gratuitous, and he was not under any obligation to do such act or perform such service, or there was no consideration for the promise or undertaking sufficient to support an action ex contractu based thereon. 65 CJS 491, Negligence, § 4 (4). Where one undertakes an act which he has no duty to perform and another reasonably relies upon that undertaking, the act must generally be performed with ordinary or reasonable care. 57A AmJur 255, Negligence, § 208.

Thus, regardless of whether there was consideration for Epperson to secure a survey of the property, he was obligated to exercise due care in doing so as the Steltses' voluntary agent for this limited purpose. *Simmerson v. Blanks*, 149 Ga. App. 478, 479 (2) (254 SE2d 716) (1979); *Mixon v. Dobbs Houses*, 149 Ga. App. 481, 483 (254 SE2d 864) (1979); *Community Fed. S&L Assn. v. Foster Developers*, 179 Ga. App. 861, 865 (3) (348 SE2d 326) (1986); *Cunningham v. Nat. Svc. Indus.*, 174 Ga. App. 832, 837 (331 SE2d 899) (1985); *Housing Auth. of Atlanta v. Famble*, 170 Ga. App. 509, 524 (317 SE2d 853) (1984). See also *Huggins v. Aetna Cas. &c. Co.*, 245 Ga. 248 (264 SE2d 191) (1980). Epperson was aware of the possibility of the road adjacent to the property being widened and that plaintiffs were concerned about the effect it would have on the property they desired to purchase, yet he made no mention of this when he employed the surveyor. Whether this constituted due care on his part remains a jury question. *Cunningham*, supra; *Simmerson*, supra.

Because the evidence does not demand a finding that Epperson did exercise that degree of care which he owed plaintiffs, the grant of summary judgment was error.

*Judgment reversed. Sognier, C. J., and Banke, P. J., concur. Carley, J., disqualified.*

DECIDED SEPTEMBER 3, 1991 —
RECONSIDERATION DENIED OCTOBER 7, 1991 —

*H. Michael Dever, R. Andrew Fernandez*, for appellants.
*Rowe & McGarity, John M. McGarity, Stephanie V. Kandzierski*, for appellee.