A94A0644, A94A0645. ALLEN et al. v. ReMAX NORTH ATLANTA, INC. et al., and vice versa.
(445 SE2d 774)

BEASLEY, Presiding Judge.

Deryle and Lee Allen sued ReMax and its sales associates David Rast and Nancy Sachs seeking damages for fraud, simple and professional negligence, and violation of the Fair Business Practices Act (FBPA). OCGA § 10-1-390 et seq. In Case No. A94A0644, plaintiffs appeal the grant of defendants' motion for summary judgment as to plaintiffs' fraud, professional negligence, and FBPA claims. In Case No. A94A0645, defendants appeal the denial of their motion for summary judgment as to plaintiffs' simple negligence claim.

Plaintiffs, Florida residents, began looking for a home in the Atlanta area. After they were referred to ReMax, Sachs contacted them and sent a relocation kit containing information about ReMax and its sales agents. As a result, plaintiffs agreed to allow defendants to assist them in finding a house.

After traveling to Atlanta, plaintiffs became interested in a house at 104 Oakland Hills Court in St. Ives Subdivision. This house backs up to Medlock Bridge Road approximately one-half mile north of State Bridge Road. Medlock Bridge Road had been widened up to the State Bridge Road intersection, but construction activity had stopped there. At the request of plaintiffs, Sachs agreed to ascertain whether there were any plans to widen Medlock Bridge Road north of the intersection. Deryle Allen, who is a licensed real estate agent, asked Sachs to inquire of the appropriate highway authority, which is the

Georgia Department of Transportation, and not to rely upon statements made by personnel at the subdivision sales office. Sachs reported to plaintiffs that she had made the requested inquiry and assured them that there were no plans to widen the road behind St. Ives. She did not reveal that she obtained this information from the subdivision sales office and not from the DOT.

At the request of Deryle Allen, Rast provided her with a computer-generated list containing sales information concerning comparable houses in St. Ives Subdivision, which list was used by plaintiffs in making an offer on the house. As part of his methodology, he omitted from the list any house having a price 15 to 20 percent above or below that of the list price of the subject house.

Plaintiffs contracted to purchase this house from the owners. Before signing the contract, the Allens received a copy of it, reviewed, read, discussed, and understood it. The contract identifies Harry Norman Realtors as the listing broker, ReMax as the selling broker, and Rast and Sachs as the selling broker's associated salespersons.

It contains an agency disclosure which provides, "Unless otherwise stated, the Broker has acted as agent for the Seller in this transaction and is to be paid a commission by Seller; neither Listing Broker nor Selling Broker has acted as agent for the Purchaser in this transaction." The contract also contains a disclaimer stating, "Seller and Purchaser acknowledge that they have not relied upon the advice or representations, if any, of Broker or Broker's Associated Salespersons relative . . . the purchase and ownership of the Property. . . . Seller and Purchaser acknowledge that if such matters have been of concern to them, they have sought and obtained independent advice relative thereto."

Following closing, Medlock Bridge Road was widened so it came closer to the house. Traffic increased and became noisier and more visible. The Allens discovered that information concerning this widening was maintained by DOT and was available to the public at the time they asked Sachs to obtain it. Also, a list from another Atlanta real estate agent showed that there were comparable houses lower in price than the one the Allens bought which Rast had omitted from the list of comparable sales he submitted.

In Count 1 of their complaint, plaintiffs alleged that by providing distorted information concerning comparable houses and erroneous information concerning road widening, defendants committed fraud. In Count 2, they alleged negligent or intentional breach of a duty undertaken by defendants to perform services for plaintiffs.

Defendants answered and asserted various defenses, including failure of the complaint to comply with the requirements of OCGA § 9-11-9.1, for which they sought a dismissal. They moved for summary judgment on plaintiffs' fraud claim.

Plaintiffs then added Counts 4 and 5, alleging that defendants employed deceptive practices in violation of the FBPA and that defendants rendered negligent professional services. In support of Count 5, they attached an expert affidavit.

The trial court granted defendants' motion for summary judgment on plaintiffs' fraud claim. Defendants then moved for summary judgment on plaintiffs' remaining claims, which the court granted except as to the simple negligence claim.

1. Summary judgment on plaintiffs' fraud claim was proper.

"One of the essential elements of an action for fraud is 'justifiable reliance by the plaintiff.' [Cit.]" *Condios, Inc. v. Driver*, 145 Ga. App. 537, 538 (1) (244 SE2d 85) (1978). The record shows without dispute that plaintiffs were aware that defendants were agents of the seller and that they were not in a fiduciary relationship with plaintiffs. This was stated in the sales contract. Plaintiffs have shown no basis for rescinding. See generally *Chip Kassinger, Inc. v. Steimer*, 205 Ga. App. 349, 350 (1) (422 SE2d 241) (1992). It is true that one may justifiably rely upon representations of even those who are not in fiduciary relationships with them, *Hill v. Century 21 Max Stancil Realty*, 187 Ga. App. 754, 755 (2) (371 SE2d 217) (1988); see *Stelts v. Epperson*, 201 Ga. App. 405 (411 SE2d 281) (1991). Nevertheless, the sales contract also contained a disclaimer stating that the purchaser had not relied upon the advice or representations by the broker or its associated salespersons relative to, among other things, the purchase and ownership of the property.

The information provided by defendants to plaintiffs concerning road widening and comparable housing sales undeniably fits this category. It thus was covered by this general term in the disclaimer, although not by more particular terms contained in it. Compare *Mayor &c. of Savannah v. Savannah Elec. &c. Co.*, 205 Ga. 429, 437 (54 SE2d 260) (1949). Under these circumstances, plaintiffs cannot, as a matter of law, establish the element of justifiable reliance on defendants' advice and representations. *Copeland v. Home Savings of America, F. A.*, 209 Ga. App. 173 (433 SE2d 327) (1993); see also *Brakebill v. Hicks*, 259 Ga. 849 (388 SE2d 695) (1990); *Hill,* supra; compare *Harrison v. Harrison*, 214 Ga. 393 (1) (105 SE2d 214) (1958); *Wiederhold v. Smith*, 203 Ga. App. 877, 879 (2) (418 SE2d 141) (1992); *Stelts,* supra; *Bowdish v. Johns Creek Assoc.*, 200 Ga. App. 93, 95 (4) (406 SE2d 502) (1991).

2. Dismissal of plaintiffs' professional negligence claim was demanded.

Real estate brokers and salespersons must be licensed pursuant to OCGA § 43-40-1 et seq., and thus are "professionals" within the intent of OCGA § 9-11-9.1. *Hodo v. Gen. Hosp. of Humana*, 211 Ga. App. 6, 8 (2) (438 SE2d 378) (1993). "Where the failure to do a thing,

or the negligent doing of it, is proved by reliance upon a general standard of care or by rules of procedure used by others competently performing the same service, it is a 'professional' act or practice. [Cit.] Wherever it is 'necessary to establish the parameters of acceptable professional conduct' ([cit.]) in order to prove negligence or breach for failure to perform in a workmanlike manner, the case must be deemed a *professional* malpractice case." (Emphasis in original.) *Razete v. Preferred Research*, 197 Ga. App. 69, 70 (397 SE2d 489) (1990).

Judged by these criteria, plaintiffs' claim against defendants for negligence in compiling the list of comparable sales is one for professional and not simple negligence. What to include and what to exclude requires the exercise of professional judgment. Consequently, plaintiffs' failure to file an expert affidavit contemporaneously with the complaint was fatal to plaintiffs' claim of professional malpractice. *Smith v. North Fulton Med. Center*, 200 Ga. App. 464, 466 (2) (408 SE2d 468) (1991). Although the trial court should have dismissed this claim rather than granted summary judgment on it, we treat the merits of the appeal as if the court had dismissed it. *Hodo*, supra at 8.

3. The court erred in denying defendants' motion for summary judgment on plaintiffs' simple negligence claim. It asserts that Sachs' failure to procure information regarding road-widening plans is a claim for simple negligence. According to plaintiffs' evidence, they asked Sachs to perform essentially a ministerial act, i.e., ask the appropriate highway authority rather than the subdivision sales office personnel whether there were plans to widen the road. See *Shaw v. Fillman*, 184 Ga. App. 364 (1) (361 SE2d 518) (1987). Failure to do this would constitute simple negligence. See *Razete*, supra.

However, plaintiffs' simple negligence claim is ultimately predicated on the theory that although defendants were the sellers' agents, they became plaintiffs' voluntary or gratuitous agents for the limited purpose of providing information to plaintiffs concerning the road widening. *Simmerson v. Blanks*, 149 Ga. App. 478, 479 (2) (254 SE2d 716) (1979); see also *Shaw*, supra. Recovery under this theory also requires reasonable reliance upon the service rendered. *Simmerson*, supra; see also *Robert & Co. Assoc. v. Rhodes-Haverty Partnership*, 250 Ga. 680 (300 SE2d 503) (1983); *Shaw*, supra. Plaintiffs' simple negligence claim is barred for the same reason their fraud claim is barred.

4. The court did not err in granting summary judgment to defendants on plaintiffs' FBPA claim.

The Fair Business Practices Act incorporates the "reliance" element of the common law tort of misrepresentation into the causation element of a FBPA claim. *Zeeman v. Black*, 156 Ga. App. 82, 87 (273 SE2d 910) (1980). Consequently, justifiable reliance is an essential el-

ement. *Condon v. Kunse*, 208 Ga. App. 856, 859 (5) (432 SE2d 266) (1993). For this reason, plaintiffs' FBPA claim is barred.

*Judgment affirmed in Case No. A94A0644. Judgment reversed in Case No. A94A0645. Andrews and Johnson, JJ., concur.*

DECIDED JUNE 10, 1994 —
RECONSIDERATION DENIED JUNE 24, 1994 —

*Grizzard, Simons, Martin & Wills, Warren W. Wills, Jr., Kyle D. Sherman*, for appellants.
*Dermer & Black, Richard W. Brown*, for appellees.