## A98A1728. MARTIN v. CITY OF FORT VALLEY.
(508 SE2d 244)

Judge Harold R. Banke.

After allegedly experiencing continued flood damage to his property, Mack M. Martin asserted claims for nuisance, trespass, bad faith, and inverse condemnation against the City of Fort Valley (the "City"). Enumerating three errors, Martin appeals the summary judgment awarded against him.

Martin's property faces U. S. Highway 341 South and Lawn Street. To assist Martin with runoff problems caused by the resurfacing of U. S. Highway 341, under the supervision of the City's superintendent of public utilities, City employees constructed and installed a storm sewer along Lawn Street. In so doing, they attached pipes to the existing drainage system built by the Department of Transportation.

Martin asserted that his residence and commercial garage sustained significant damage from the surface water runoff that discharged from that storm sewer onto his property. According to Martin, the storm sewer installed by the City discharged on the edge of his property and opened toward his home. Martin alleged that the flood damage had caused severe damage to his home including its carpet, drywall, floors, doors, and walls. As some proof that the City had assumed some liability for the flood damage, Martin testified that the City reimbursed him for part of the expense for repairing the doors of his shop.

Robert E. DeLoach, Jr., a professional civil engineer, conducted a personal inspection of Martin's property. DeLoach determined that the relief storm sewer had been "poorly built" by the City. DeLoach

specifically criticized the vertical placement of the invert of the storm sewer as it exited from the DOT junction box and the inadequate relief capacity of the storm sewer. DeLoach concluded that "[t]he manmade [sic] drainage of the roadway storm water onto the Martin property appears to have been and continues to be the cause of water damage to the Martin property and improvements."

The trial court held that the City owed no duty to Martin for maintaining U. S. 341, a state highway, because the City had never entered a specific agreement to do so. OCGA § 32-4-93 (b). The trial court found that the City exercised ordinary care in installing the storm sewer and granted the City judgment as a matter of law. *Held*:

1. Martin contends that the trial court overlooked the legal consequences of the City's actions in constructing a drainage system that affected his property. We agree.

Municipal responsibility for creating or maintaining a nuisance which constitutes a danger to life and health or a taking of property is an established historic principle in Georgia. *City of Thomasville v. Shank*, 263 Ga. 624-625 (1) (437 SE2d 306) (1993). A nuisance is "anything that causes hurt, inconvenience, or damage to another," regardless of whether the action is otherwise lawful. OCGA § 41-1-1. Further, "where a municipality negligently constructs or undertakes to maintain a sewer or drainage system which causes the *repeated* flooding of property, a continuing abatable nuisance is established, for which the municipality is liable." (Emphasis in original.) *Hibbs v. City of Riverdale*, 267 Ga. 337, 338 (478 SE2d 121) (1996). Accord *Thrasher v. City of Atlanta*, 178 Ga. 514, 518 (3) (173 SE 817) (1934).

It is undisputed that the City built a storm sewer and installed some plastic pipe to attempt to alleviate the water runoff problem apparently created by a state highway. According to the uncontroverted testimony of Martin's expert, this storm sewer erected by the City was defective in several specified ways. Notwithstanding the City's contention to the contrary, Martin's expert attested that the man-made drainage system, not the highway or its maintenance, caused damage to Martin's property. See *Stelts v. Epperson*, 201 Ga. App. 405, 407 (411 SE2d 281) (1991) (even a gratuitous undertaking must be non-negligently performed). Whether the City's activities worsened or failed to alleviate the pre-existing runoff problems cannot be determined on the record before us. Therefore, in light of the disputed questions of material fact as to both the existence of an "abatable nuisance" and the cause thereof, the trial court erred in taking these issues from the jury. *Shank*, 263 Ga. at 625-626 (2). Similarly, a jury must decide whether the City's actions constituted a taking of property or an "unlawful trespass." See *Fulton County v. Wheaton*, 252 Ga. 49, 50 (1) (310 SE2d 910) (1984), overruled on other grounds, *DeKalb County v. Orwig*, 261 Ga. 137, 138 (1) (402

SE2d 513) (1991). See *Powell v. Ledbetter Bros.*, 251 Ga. 649 (307 SE2d 663) (1983) (government action causing repeated flooding may constitute an unlawful trespass), overruled on other grounds, *David Allen Co. v. Benton*, 260 Ga. 557, 558 (398 SE2d 191) (1990).

2. In light of the above holding, we need not determine whether Lawn Street or U. S. Highway 341 comprised a part of a "Street Drainage System" of the City.

*Judgment reversed. Johnson, P. J., and Smith, J., concur.*

DECIDED OCTOBER 28, 1998.

*Collins & Aromatorio, Lawrence C. Collins*, for appellant.

*Thurbert E. Baker, Attorney General, Walker, Hulbert, Gray & Byrd, Charles W. Byrd*, for appellee.