**SECOND DIVISION**
**MILLER**
**RAY, and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 21, 2013**

# In the Court of Appeals of Georgia

A13A1040. ATKINSON v. CITY OF ATLANTA.

BRANCH, Judge.

A municipality is protected by governmental immunity from suit for negligence, but as an exception to its immunity, a municipality is liable for damages resulting from operating or maintaining a nuisance. In this suit, Denis S. Atkinson, Jr., contends the City of Atlanta is liable in nuisance arising out of a water main break that damaged his property. Because we find that Atkinson has not shown that the City operated or maintained a nuisance, we affirm summary judgment entered in favor of the City.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review a grant or denial of summary judgment de novo and construe the evidence in

the light most favorable to the nonmovant. *Home Builders Assn. of Savannah v. Chatham County*, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).

Construed in favor of Atkinson, the record shows that on April 11, 2007, a water main broke next to Atkinson's property located at 605 West Wesley Road in Atlanta, which caused a substantial amount of water to flood Atkinson's yard, thereby damaging Atkinson's yard, trees, shrubs, driveway, and 35 feet of an ornamental fence. The City of Atlanta was notified, responded that night, and began efforts to stop the flow of water and repair the water main. Although the City did not stop the water flow the first night, Atkinson could not recall how long it took. Atkinson's yard was covered with debris from the event, including two downed magnolia trees. The water dug out a large pit (30 feet x 40 feet and 5 to 6 feet deep) and settled on the north side of his house and on his neighbor's property. Atkinson testified, "we literally had a lake out there for quite some time." When further questioned, Atkinson did not recall how long the water was present, but he stated that the water had "completely subsided" before he met with William Brigham, a city official, about the incident, which he described as happening "several days" after the incident. Other evidence in the record shows that by April 16, 2007, only five days after the incident, Brigham had completed an assessment of the work needed to repair Atkinson's property to its

2

original condition. And that document, upon which Atkinson relies, states that Brigham visited the site on April 12 and 13, 2007.[1]

The City eventually filled in the large pit and repaired the fence, but Atkinson does not recall when the fence was repaired. The two downed trees were removed, but Atkinson does not recall who removed them. Atkinson had the driveway and the yard repaired himself. The trees and shrubs have not been replaced. During the time that the fence was down, some cars from Northside drive would occasionally drive through his property to make a right hand turn onto West Wesley Road. Because Atkinson was not satisfied with the City's pace of addressing the damage on his property, on August 15, 2007, he filed a claim with the City.

After the City denied his claim, Atkinson filed suit in the State Court of Fulton County against the City and a contracting company, asserting claims of nuisance, negligence and breach of contract.[2] The breach of contract claim was based on a contract between the City and a contractor, and Atkinson eventually dismissed the contractor. Atkinson later abandoned his claim of negligence. The trial court then granted summary judgment in favor of the City on the remaining claim of nuisance.

---

[1] There have been no other water main breaks affecting Atkinson's property.

[2] It appears that the suit is a renewal action.

3

Atkinson appeals, and his brief makes clear that the only issue on appeal is whether the trial court erred by granting summary judgment on his claim of nuisance. No evidence has been introduced in an attempt to show that the water main failed due to negligent maintenance.[3]

Atkinson's claim is that the City created and maintained a continuing nuisance on his property that resulted in loss of use and enjoyment of his property. In response to the City's motion for summary judgment, Atkinson asserted that he had two nuisance claims: "(1) the failure of the City to respond in a timely manner to the

---

[3]Atkinson relies in part on the deposition of William Brigham, but the record does not contain a transcript of that deposition, and Atkinson's citation to Brigham's testimony is actually a citation to Atkinson's brief in the trial court. Atkinson also relies on a series of emails between Brigham and other City officials, but those emails are only attached as exhibits to Atkinson's response to the City's motion for summary judgment. They are not authenticated in any manner.

The deposition of Brigham and the email evidence are not properly before this court. First, "[o]nly admissible evidence may be considered when evaluating a motion for summary judgment." (Punctuation and footnote omitted.) *Nyankojo v. North Star Capital Acquisition*, 298 Ga. App. 6, 7 (679 SE2d 57) (2009). Second, "[t]he admissibility of evidence on motion for summary judgment, whether contained in affidavits or otherwise, is subject to the rules relating to the admissibility of evidence generally, so that evidence inadmissible on a hearing of the case would generally be inadmissible on motion for summary judgment." (Citation and punctuation omitted.) *Lance v. Elliott*, 202 Ga. App. 164, 167 (413 SE2d 486) (1991). Third, "we do not take evidence from the briefs of parties, we do not get evidence from outside the record, and we do not accept assertions of fact or evidence which were not before the trial court." (Citation and punctuation omitted.) *Demetrios v. State*, 246 Ga. App. 506, 510 (3), n. 14 (541 SE2d 83) (2000).

leaking water main, resulting in Plaintiff's yard, fence, trees, shrubs, and driveway [having] sustained extensive water damage; and (2) the failure of the City to respond in a timely manner to repair the damage resulting from the water main leak, resulting in the creation of a hazardous and dangerous condition affecting Plaintiff's property for an extended period of time." Finally, at oral argument, Atkinson's counsel added,

> [O]ur claim is that the nuisance arises from *not* the mere fact of the water main break, but the fact that the city, which had a duty to maintain and repair that water main after its break, the fact that the city did not do that in a timely manner. (Emphasis supplied.)

A municipality is protected by sovereign immunity from liability for negligence while exercising its governmental function. *Hibbs v. City of Riverdale*, 267 Ga. 337 (478 SE2d 121) (1996). It is well-established, however, that "a municipality, whether exercising its governmental or its ministerial functions, is liable for damages resulting from operating or maintaining a nuisance." (Citations omitted.) *City of Columbus v. Myszka*, 246 Ga. 571 (1) (272 SE2d 302) (1980); *City of Thomasville v. Shank*, 263 Ga. 624 (1) (437 SE2d 306) (1993) ("the doctrine of sovereign immunity and the nuisance exception which makes municipalities liable for maintaining a nuisance have co-existed for many years in this state."); *Mayor &c. of Savannah v. Palmerio*, 242 Ga. 419, 426 (3) (g) (249 SE2d 224) (1978).

5

The Georgia Supreme Court has explained that to be held liable for maintenance of a nuisance,

> the municipality must be chargeable with performing a continuous or regularly repetitious act, or creating a continuous or regularly repetitious condition, which causes the hurt, inconvenience or injury; the municipality must have knowledge or be chargeable with notice of the dangerous condition; and, if the municipality did not perform an act creating the dangerous condition, . . . the failure of the municipality to rectify the dangerous condition must be in violation of a duty to act.

(Citations and punctuation omitted.) *Palmerio*, 242 Ga. at 426 (3) (i).[4] Following *Palmerio* and other precedent, the Supreme Court later added the following guidelines for determining whether a nuisance exists:

> the defect or degree of misfeasance must exceed mere negligence (as distinguished from a single act); the act complained of must be of some duration and the maintenance of the act or defect must be continuous or regularly repetitious; and there must be a failure of municipal action within a reasonable time after knowledge of the defect or dangerous condition.

_____

[4] Under OCGA § 41-1-1, a nuisance is defined as "anything that causes hurt, inconvenience, or damage to another and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance." This statutory definition, however, "was not intended to change the common law definition of a nuisance." *State ex rel. Boykin v. Ball Inv. Co.*, 191 Ga. 382, 389 (2) (12 SE2d 574) (1940).

6

(Footnote omitted.) *Hibbs*, 267 Ga. at 338, citing *City of Bowman v. Gunnells*, 243 Ga. 809, 811 (2) (256 SE2d 782) (1979).

(a) Applying the above guidelines to this case, we first find that Atkinson has not presented any evidence to show how long it took the City to begin work to repair the City's water main or how long it took to stop the flow of water, let alone that the City failed to do so in a reasonable time. Therefore, with regard to the City's duty to repair the water main, Atkinson has failed to create an issue of fact regarding whether the City acted within a reasonable time to repair the main. See generally *Hibbs*, 267 Ga. at 338 ("there must be a failure of municipal action within a reasonable time after knowledge of the defect or dangerous condition").

(b) Next, we hold that Atkinson has failed to show that the City operated or maintained a nuisance on his property. The water main break occurred only once and caused only one incident of flooding on Atkinson's property. In *City of LaGrange v. Whatley*, 146 Ga. App. 174 (246 SE2d 5) (1978), this court held that it was error for the trial court to deny summary judgment to the city on a claim of nuisance where the only evidence showed that the sewage backed up into the plaintiff's home on one and only one occasion. See also *Trussell Services, Inc. v. City of Montezuma*, 192 Ga. App. 863 (386 SE2d 732) (1989) ("A single isolated act of negligence not continuous

7

or recurrent, is not sufficient to show a negligent trespass constituted a nuisance."); Restatement (Second) of Torts, § 821D, cmt. (e) ("[T]he flooding of the plaintiff's land, which is a trespass, is also a nuisance if it is repeated or of long duration.").

The present case is similar to *Goode v. City of Atlanta*, 274 Ga. App. 233 (617 SE2d 210) (2005), in which Goode sued the City of Atlanta after a water main break caused damage to his home. This Court held that the trial court properly granted summary judgment on Goode's claim of nuisance on the ground that even if the City's negligence caused the main to break, "an isolated act of negligence cannot form the basis of a nuisance claim." Id. at 236. Furthermore, Goode had not shown that the City failed to respond in a timely manner following notice of a dangerous condition. Id.

Here, although the water ponded on Atkinson's property initially, Atkinson admits that the water had completely subsided by the time he met with Brigham, only "several" days after the incident about clean up efforts on his property. Thus, Atkinson has not presented any evidence to show that City performed "a continuous or regularly repetitious act, or creat[ed] a continuous or regularly repetitious condition." See *Palmerio*, 242 Ga. at 426 (3) (i). Nor has he presented any evidence to show that water from the broken main stayed on his property for a long duration. Atkinson has therefore failed to show that the flow of water from the broken water

8

main constituted a continuous or regularly repetitious condition on his property. See, e.g., *City of Montezuma*, 192 Ga. App. 863; *Whatley*, 146 Ga. App. 174.

(c) Finally, Atkinson contends the City maintained a nuisance on his property by delaying or failing to repair for many months the damage caused by the initial flow of water onto his property. Atkinson's argument conflates the idea of nuisance with the damage resulting from the initial flow of water, be it a nuisance or a trespass. Atkinson took it upon himself to have his driveway and yard repaired. Likewise, he could have had his fence repaired and replaced any lost trees, shrubs, and bushes, as he was obviously free to do, and sought recompense from the City for his expenses. What Atkinson has not shown is that the City had a proactive duty to repair in a timely manner all the damage to his property rather than compensate Atkinson for his damages. Thus, under the facts in this case, Atkinson's own failure to take action can not be converted into a nuisance claim against the city for delay in mending his fence and effecting other repairs. Cf. *Ethridge v. City of Lavonia*, 101 Ga. App. 190, 191 (112 SE2d 822) (1960) (no nuisance where plaintiff's property was damaged by a single fire that spread from a city garbage dump to plaintiff's property; event was "more in the nature of a tort or a trespass inflicting in one act a direct injury and damage (even though in effect one of more or less lasting duration) to plaintiff's realty

9

as distinguished from the maintenance of a nuisance where the injury complained of is the result of a continuous or recurrent act or condition and is of an indirect character")

In sum, the trial court correctly granted summary judgment in favor of the City of Atlanta on Atkinson's claim of nuisance.

*Judgment affirmed. Miller and Ray, J J., concur.*