Bethel, Judge.
Jack Waldrip and his company, Washington Corner, LLC, (together, "Waldrip") filed this action against the city of Gainesville for damages resulting from the flooding of Waldrip's property. The action asserted claims for nuisance, trespass, and the taking of the property through per se and inverse condemnation. The city sought summary judgment. The trial court granted the motion in part, awarding summary judgment to the city on Waldrip's claims for damages from flooding that occurred in 2008 and for the diminution in the fair market value of the property. The trial court otherwise denied the city's summary judgment motion.
The city appeals, arguing that the trial court should have granted summary judgment on all of the claims against it. We agree with the city that it is entitled to summary judgment on its claims and that the trial court should have denied Waldrip's request for bad faith attorney fees. We therefore reverse the judgment of the trial court.
"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant." Atkinson v. City of Atlanta , 325 Ga. App. 70, 70, 752 S.E.2d 130 (2013) (citation omitted). So viewed, the record shows that Waldrip and another individual *132 own Washington Corner, LLC, which, in turn, owns a parcel of property in the city of Gainesville. The property is located within a 12-acre drainage basin, and storm water that falls into the drainage basin flows downhill to Waldrip's property.
Waldrip constructed a shopping center on the property. On March 15, 2008, April 10, 2009, September 21, 2009, October 1, 2012, and July 22, 2013, the property flooded, water entered the building, and the premises were damaged. After consulting various people, Waldrip concluded that the flooding resulted from trash, debris, and other material clogging his surface water drainage system. That material was washed downhill to Waldrip's property by concentrated storm water that was discharged from a storm water discharge pipe on the uphill property.
Waldrip presented evidence that the city of Gainesville collects storm water in a catch basin on Rainey Street, which is uphill and north of Waldrip's property in the drainage basin. The Rainey Street catch basin channels the collected storm water into a storm water discharge pipe connected to the catch basin. The city installed at least part of the storm water discharge pipe. The storm water discharge pipe begins in the Rainey Street right of way and ends on private property uphill of Waldrip. The concentrated, collected water is discharged from the end of the storm water discharge pipe onto adjacent private property. The water traverses the property and flows down to Waldrip's property. The concentrated flows have sufficient hydrologic force to move debris down the private property-which has been used as an illegal dump-onto Waldrip's property and into his storm water collection system. Diapers, tires, bottles, construction debris, even concrete blocks have washed down the slope onto Waldrip's property. Dirt, sediment, and trash end up in Waldrip's drainage system, blocking it and causing flooding.
Waldrip sought compensation from the city for the damage to his property. After the city denied his claim, Waldrip filed suit, seeking damages for trespass, nuisance, and the taking of his property. The trial court granted summary judgment to the city on Waldrip's claim for damages from flooding that occurred in 2008 and for the diminution in the fair market value of the property. The court denied summary judgment in all other respects. After we granted the city's application for interlocutory appeal, this appeal followed.
1. The city argues that the trial court erred by denying its motion for summary judgment because it does not have a duty to abate the flooding on Waldrip's property and because the undisputed evidence shows that the city did not take any action that altered or increased the natural flow of water onto Waldrip's property or otherwise caused the flooding. (Although the city does not specify, we presume that it makes these arguments in the context of the denial of its motion for summary judgment on Waldrip's nuisance claim instead of his trespass and condemnation claims.) We find that Waldrip has not presented sufficient evidence to create questions of fact on these issues.
"Where a municipality negligently constructs or undertakes to maintain a sewer or drainage system which causes the repeated flooding of property, a continuing, abatable nuisance is established, for which the municipality is liable." City of Gainesville v. Waters , 258 Ga. App. 555, 557 (1), 574 S.E.2d 638 (2002). See also Martin v. City of Fort Valley , 235 Ga. App. 20, 21 (1), 508 S.E.2d 244 (1998) ; Hibbs v. City of Riverdale , 267 Ga. 337, 338, 478 S.E.2d 121 (1996). Further,
[t]o be held liable for maintenance of a nuisance, the municipality must be chargeable with performing a continuous or regularly repetitious act, or creating a continuous or regularly repetitious condition, which causes the hurt, inconvenience or injury; the municipality must have knowledge or be chargeable with notice of the dangerous condition; and, if the municipality did not perform an act creating the dangerous condition, ... the failure of the municipality to rectify the dangerous condition must be in violation of a duty to act.
Mayor of Savannah v. Palmerio , 242 Ga. 419, 426-427 (3) (i), 249 S.E.2d 224 (1978).
"All actions for trespass upon or damage to realty shall be brought within four years *133 after the right of action accrues." OCGA § 9-3-30 (a). "[T]o the extent that [Waldrip] asserts a claim for permanent nuisance based on the installation of the drainage pipe [or catch basin], that claim is barred by the applicable four-year statute of limitation." City of Columbus v. Cielinski , 319 Ga. App. 289, 292 (1), 734 S.E.2d 922 (2012) (citation omitted). This means that Waldrip must come forward with sufficient evidence to create a factual question as to (1) whether the private property onto which the Rainey Street culvert discharges water is part of the drainage system that the city has undertaken to maintain, and (2) whether the city's maintenance (or lack thereof) of the drainage system caused the repeated flooding.
The city presented evidence that it does not own or maintain the property onto which the Rainey Street culvert discharges. Nor does the city have an easement on this property. The city claims that because the problematic debris, trash, and sediment originate from and are picked up on this private property, it is absolved of liability. However, the fact that this occurs as the water crosses private property is not sufficient, alone, to end our analysis. "[W]hile ownership of property generally may give rise to a nuisance when property is used to cause harm to others, such ownership is not an essential element of the cause of action for nuisance. Rather, the exercise of dominion or control over the property causing the harm is sufficient to establish nuisance liability." City of Atlanta v. Hofrichter/Stiakakis , 291 Ga. App. 883, 886 (1) (a), 663 S.E.2d 379 (2008) (citations and punctuation omitted).
Here, Waldrip has presented no evidence that the city exercised any dominion or control over the property causing the harm-that is, the uphill property which the water traverses. Compare City of Atlanta , 291 Ga. App. at 886 (1) (a), 663 S.E.2d 379 (control established where city returned to property multiple times and attempted to repair problem with pipe over the course of several years). Evidence that the city cleared out concrete blocks and debris on Waldrip's property on one occasion is not sufficient to establish the city's dominion and control over the neighboring, uphill property. See Thompson v. City of Fitzgerald , 248 Ga. App. 725, 726-727 (1), 548 S.E.2d 368 (2001). Therefore, summary judgment should have been granted to the city and Waldrip's request for attorney fees under OCGA § 13-6-11 related to that claim should have been denied.[1]
2. Because of our holding in Division 1, we need not address the city's other enumerations of error.
Judgment reversed.
*THIS OPINION IS PHYSICAL PRECEDENT ONLY. SEE COURT OF APPEALS RULE 33.2 (a).
Branch, J., concurs. McFadden, P.J., dissents*

Because the trial court did not analyze whether Waldrip would be entitled to attorney fees under OCGA § 13-6-11 for his remaining causes of action that are not before this court, we do not reach the question of whether the city is entitled to summary judgment on the entirety of Waldrip's claim for attorney fees.