47373, 47374. RIDDLE v. WALLER et al. (two cases).

HALL, Presiding Judge. Both of these cases involve the same basic facts and conduct by the appellant. In one he appeals from the grant of summary judgment on his petition for certiorari to review his conviction for violation of two municipal ordinances. In the other he appeals from the grant of summary judgment in his action against city officials for damages, declaratory judgment and injunctive relief—all pertaining to the enforcement of the ordinances in question.

It is undisputed that the appellant moved a mobile home onto a lot in the City of Swainsboro which was zoned for industrial use; that he made no applications for a building permit or permits for water, plumbing or electrical connections before the move; that he later applied for connection permits which were denied; and that he connected up the water himself (there was an existing line on the lot). He was charged with violation of two ordinances: Using city water without authority or permit and making a prohibited use of the land under the industrial section of the zoning ordinance. He was tried and convicted of both charges in the recorder's court, then petitioned for certiorari to the superior court.

Simultaneously, he filed in the superior court an action to enjoin the denial of the water and electric services and for a declaratory judgment that the zoning ordinance is unconstitutional. The court granted summary judgment against him in both cases.

1. Appellant's attack upon another ordinance which purports to prohibit a mobile home anywhere within the city is not applicable here since he was neither charged with violating this ordinance nor denied a building permit for this reason.

2. The evidence supports the verdicts in the recorder's court.

3. Appellant contends the industrial classification of the street on which his lot is located is arbitrary and capricious as the street is approximately 80% residential. However, the evidence shows that the particular block in question is located within a larger area which is primarily industrial; that there are three industries on that particular block as well; that the residences located there all pre-date the enactment of the comprehensive zoning ordinance (and are therefore permitted nonconforming uses under the ordinance only so long as they exist continuously as residences); and that no new residences have been allowed in the district, with one exception which is also being prosecuted. It cannot be said that the classification of this particular street was arbitrary and unreasonable, the only basis for judicial review of zoning classifications. Village of Euclid v. Amber Realty Co., 272 U. S. 365 (47 SC 114, 71 LE 303, 54 ALR 1016).

Appellant also contends that because the lot is too small for an industrial building, the classification destroys all use of the property and is therefore a violation of the due process requirements of the state and federal constitutions. He cites *Hill v. Busbia,* 217 Ga. 781 (125 SE2d 34, 93 ALR2d 1241) and *Fauss v. McConnell,* 172 Ga. 444 (157 SE 625). In both of those cases there was a clear factual impossibility of using the property in the only way permitted. Here there is not such an impossibility.

"Industrial use" does not mean just large factories. It encompasses, for example, a one-man garage workshop. In addition, the ordinance allows within this district businesses customarily serving such industries and public utility structures. There is no showing here that the property cannot be used in any of these ways.

The court did not err in granting summary judgment in both actions.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*

SUBMITTED SEPTEMBER 8, 1972—DECIDED SEPTEMBER 20, 1972—REHEARING DENIED OCTOBER 24, 1972.

*Guy B. Scott, Jr.,* for appellant.

*Williams, Smith, Shepherd & Gray, Sidney B. Shepherd,* for appellees.