## 57153. INGRAM v. BALDWIN COUNTY.

DEEN, Chief Judge.

Appellant Ingram brought suit against Baldwin County for damage to her home resulting from two separate overflows of raw sewage on January 23 and January 25, 1978, which rendered her home uninhabitable. She also alleged that sewage had overflowed into the yard of her next door neighbor on January 18, 1978, and that the county had been notified on all three occasions. The county admits that the overflows into Ms. Ingram's home occurred, but denied liability and moved for summary judgment. Ms. Ingram brings this appeal from the trial court's grant of the county's motion for summary judgment contending that the court below erred in holding that appellant's cause of action was barred by sovereign immunity, that the property had not been taken or damaged for public purposes within the meaning of Art. I, Sec. III, Par. I, of the Georgia Constitution (Code Ann. § 2-301), and that the incidents of overflows did not constitute a nuisance because they were a single occurrence.

Lawsuits involving taking or damaging of property under Code Ann. § 2-301 may be maintained against counties. *Baranan v. Fulton County,* 232 Ga. 852 (209 SE2d 188) (1974). While the power to construct a sewer and drainage system is a governmental function, a county

cannot create and maintain such a system as a nuisance which damages private property without subjecting itself to civil liability. See *Reid v. Gwinnett County,* 242 Ga. 88 (249 SE2d 559) (1978). However, a single instance of backup of sewage into a private home would not be sufficient to create a nuisance for which liability would attach. *Johnson v. City of Atlanta,* 117 Ga. App. 586 (161 SE2d 399) (1968). "The whole idea of *nuisance* is that of either a continuous or regularly repetitious act or condition which causes the hurt, inconvenience or injury ... A single isolated occurrence or act, which if regularly repeated would constitute a nuisance, is not a nuisance until it is regularly repeated." *Southeastern Liquid Fertilizer Co. v. Chapman,* 103 Ga. App. 773, 775 (120 SE2d 651) (1961).

"On a motion for summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party and all doubts are to be resolved against the movant. The movant has that burden even as to issues upon which the opposing party would have the trial burden, and the moving party's papers are carefully scrutinized, while the opposing party's papers, if any, are treated with considerable indulgence. [Cit.]" *Ham v. Ham,* 230 Ga. 43, 45 (195 SE2d 429) (1973). Applying this rule to the present case, we find that there were two separate invasions of sewage into appellant's home which occurred two days apart, and each occurrence was promptly reported to the superintendent of the Baldwin County Water Department. Appellant's affidavit in opposition to the motion reveals that the county had notice that the main sewer line was overflowing five days before two later overflows occurred. It is therefore possible for a jury to find that the county was negligent in its efforts to maintain the sewer line after the first overflow and thus created a nuisance which resulted in a taking or damaging of appellant's property for a public purpose. As there are material questions of fact requiring resolution by a jury and the trial court incorrectly interpreted the law of sovereign immunity, this case must be reversed.

*Judgment reversed. McMurray and Shulman, JJ., concur.*

SUBMITTED JANUARY 10, 1979 — DECIDED FEBRUARY 28, 1979 — REHEARING DENIED MARCH 20, 1979 — 

*Dickens, Mangum & Burns, Joe O. Mangum, III,* for appellant.

*Gilmore, Waddell & Phillips, David W. Waddell,* for appellee.