40416. FULTON COUNTY et al. v. WHEATON et al.

WELTNER, Justice.

The Wheatons obtained a directed verdict against Fulton County and certain county officials for flood damage to their home. The trial court found the county liable for maintaining a continuing nuisance which constituted a total taking of the Wheatons' property,

and awarded damages in an amount equal to the fair market value of the property. Fulton County appeals.

The Wheatons purchased their home on Forest Valley Road in Fulton County in 1974. Soon thereafter, the creek on their property overflowed, and a small amount of water entered the house. Over the next five years, their property was inundated at intervals by flooding from the creek, but their home was protected from the water by a retaining wall which they erected. During a heavy rainfall in 1979, however, the creek rose above the wall, and the Wheatons' home was flooded to a depth of four feet.

Prior to 1970, Fulton County assumed responsibility for maintaining a culvert which was situated beneath Forest Valley Road, and in the early 1970's, the county became aware of the flooding problem at the culvert. After investigation, the county determined that accumulated debris at the culvert was the cause of much of the flooding. A large portion of the debris came from a nearby condominium development, then under construction. Also, additional surface water was flowing into the creek from the condominium project, and from another recently developed subdivision. It is undisputed that Fulton County had approved the construction of both developments.

Although the county formulated several proposals to alleviate the flooding — including widening of the culvert under Forest Valley Road, and the construction of a ponding facility above the culvert — nothing was done.

1. " '[W]here a county causes a nuisance to exist which amounts to a taking of property of one of its citizens for public purposes, the county is liable.' " *Lewis v. DeKalb County,* 251 Ga. 100 (1) (303 SE2d 112) (1983), quoting *Miree v. United States,* 242 Ga. 126 (249 SE2d 573) (1978). The failure of a county adequately to maintain a culvert, resulting in property damage from flooding, can constitute a nuisance. *DeKalb County v. McFarland,* 231 Ga. 649 (203 SE2d 495) (1974).

However, liability of a municipality cannot arise *solely* from its approval of construction projects which increase surface water runoff. Rather, it is the county's *failure* to maintain properly the culvert, resulting in a nuisance, which creates its liability. Cf. *City of Columbus v. Myszka,* 246 Ga. 571 (272 SE2d 302) (1980).

The county clearly knew of the flooding problems at the Forest Valley Road culvert, which it had undertaken to maintain. The county knew also that the developments upstream, which it had approved, contributed to the flooding. We affirm the grant of the directed verdict as to the county's liability for nuisance.

2. However, the trial court erred in entering judgment against

Fulton County for the fair market value of the Wheatons' property. "The damage recoverable . . . is the decrease in market value and is governed by rules for damages in a condemnation action." *Wilmoth v. Henry County,* 251 Ga. 643 (309 SE2d 126) (1983). "In a continuing, abatable nuisance case, the plaintiff is not limited to a recovery of rental value or market value; rather, he may recover any special damages whether the injury is of a temporary or a permanent nature." *City of Columbus v. Myszka,* 246 Ga. at 573.

Accordingly, we reverse and remand for a jury determination of damages to the Wheatons' property consistent with our holdings in *Wilmoth* and *Myszka,* supra.

*Affirmed in part, reversed in part. All the Justices concur, except Hill, C. J., not participating.*

DECIDED JANUARY 25, 1984.

*Betts & Grant, David E. Betts, Donald B. DeLoach,* for appellants.

*Richard W. Wilson, Jr., Thomas J. Cullen,* for appellees.