S90G1365. DeKALB COUNTY, GEORGIA v. ORWIG.

(402 SE2d 513)

</div>

BENHAM, Justice.

Orwig sued DeKalb County to recover damages resulting from two instances of sewage backing up into her home. After the first back-up, DeKalb County disclaimed responsibility, noting that the sewage in its line was running smoothly and that dye put in the stream flowed past the suspected obstruction. After the second back-up, use of a video camera showed that the problem was a rod which Georgia Power had driven through the sewer line. The rod was not large enough to block the line itself, but obstructions could build up against the rod and block the whole line until enough pressure developed to clear away the obstruction. After settling her claim against Georgia Power, Orwig brought this action seeking property damages, damages for loss of peace of mind, and expenses of litigation. The trial court entered judgment on a jury verdict awarding sums for damages to real and personal property and for attorney fees. DeKalb County appealed the judgment to the Court of Appeals, asserting that it was not liable and that, in any event, attorney fees were not recoverable. The Court of Appeals rejected the county's arguments, interpreting this court's decision in *Fulton County v. Wheaton*, 252 Ga. 49 (310 SE2d 910) (1984), as broadening the scope of the damages recoverable in a suit against a county based on the maintenance of a nuisance. *DeKalb County v. Orwig*, 196 Ga. App. 255 (395 SE2d 824) (1990). We issued a writ of certiorari to consider whether a county can be liable for a nuisance which does not rise to the level of a taking of property and whether, as a matter of law, two sewer overflows constitute an actionable continuing nuisance.

1. Useful background for deciding this appeal may be gained from a reading of this court's opinion in *Duffield v. DeKalb County*, 242 Ga. 432 (1) (249 SE2d 235) (1978). The conclusion reached there was that although counties are immune from suit generally,

> certain nuisance suits for injunction and damages could be maintained against a county under the constitutional provisions against taking or damaging private property for public purposes. [Cit.] . . . [T]he Constitution provides for a waiver of sovereign immunity where a county creates a nuisance which amounts to an inverse condemnation. [Id. at 433.]

Such reasoning is the source of the holding in cases such as *Fulton County v. Wheaton,* supra, that the damages which may be recovered in such a suit are limited to those recoverable in a condemnation action.

The decision in *Fulton County v. Wheaton,* supra, is not susceptible of the interpretation made by the Court of Appeals. In its analysis, the Court of Appeals relied heavily on language quoted from *City of Columbus v. Myszka,* 246 Ga. 571 (272 SE2d 302) (1980), to the effect that a plaintiff in a case involving a continuing abatable nuisance is not limited to a recovery of rental value or market value, but may recover any special damages suffered. However, as is pointed out in *Duffield v. DeKalb County,* supra at 434, principles relating to the liability of municipalities do not apply equally to counties. Therefore, insofar as it supports the notion that a full range of damages is available to a plaintiff in a suit against a county based on the maintenance of a nuisance, the language in *Fulton County v. Wheaton* quoting from *City of Columbus v. Myszka* is disapproved. We adhere instead to the principles plainly and correctly stated in *Wheaton:*

> " '[W]here a county causes a nuisance to exist which amounts to a taking of property of one of its citizens for public purposes, the county is liable.' " [Cit.] . . . "The damage recoverable is the decrease in market value and is governed by rules for damages in a condemnation action." [Cit.] [Id. at 50-51.]

The answer to the first question posed in this case is, therefore, no: a county cannot be liable for a nuisance which does not rise to the level of a taking of property. It follows from our holding that damages in cases such as this one cannot include such items as damages for mental distress and expenses of litigation.

2. DeKalb County argues that the only permissible basis for liability in this case is that the county maintained a continuing nuisance, and that, as a matter of law, two occurrences of sewage backing up do not constitute such a nuisance. We disagree.

In *Desprint Services v. DeKalb County,* 188 Ga. App. 218 (2) (372 SE2d 488) (1988), the Court of Appeals held that a single malfunction in the operation of a public works project was not an action-

able nuisance. In *Ingram v. Baldwin County*, 149 Ga. App. 422 (254 SE2d 429) (1979), that court held that three occurrences of flooding raised a question of fact concerning whether the county had created a nuisance which amounted to a taking of the plaintiff's property. The present case falls between those two, and we look for guidance to the language used in *Mayor &c. of Savannah v. Palmerio*, 242 Ga. 419, 426 (249 SE2d 224) (1978), to describe a nuisance:

> . . . performing a continuous or regularly repetitious act, or creating a continuous or regularly repetitious condition, which causes the hurt, inconvenience, or injury.

The condition involved here, maintaining a sewer line with an obstruction, was continuous from the time Georgia Power first damaged the sewer line until it was repaired by DeKalb County. Since there was some evidence in the record to support a finding that DeKalb County knew or should have known after the first overflow that the obstruction was in its line, there is a question of fact whether the county was responsible for the second overflow and, thereby, for maintaining a nuisance amounting to a taking of Orwig's property. It follows that DeKalb County was not entitled to a directed verdict as to liability on that ground.

3. DeKalb County is, however, entitled to a new trial as to damages because the trial court's jury instruction on damages was inappropriate. In *Fulton County v. Baranan*, 240 Ga. 837 (1) (242 SE2d 617) (1978), this court reiterated that

> the measure of damages is the actual depreciation in market value of the premises resulting from the work done and the effect on the property. [Cits.]

It is clear, therefore, that Orwig is only entitled, if she is entitled to damages at all, to those damages recoverable under a theory of inverse condemnation. It should also be noted that since it is unquestioned that DeKalb County had no notice of the obstruction in its line before the first backup of sewage, the county can have no liability for damages attributable to that overflow. It is incumbent on the trial court on retrial to instruct the jury that the damages for which the county is liable, if there are any, are only those damages arising from the second overflow.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Weltner, J., who concurs in part and dissents in part, and Fletcher, J., who dissents.*

WELTNER, Justice, dissenting.

In *DeKalb County v. Orwig*, 196 Ga. App. 255 (395 SE2d 824)

(1990), the Court of Appeals held:

> [A] county may be liable in a civil action for the maintaining of a nuisance upon the requisite proof of failure to properly maintain public works, without regard to whether such act is incidental to a taking for public purpose or public improvements; that is without the necessity to prove "inverse condemnation." [Id. at 258.]

We granted certiorari to address *inter alia* the following:

> Whether a county can be liable for a nuisance that does not rise to the level of a taking of property. . . .

1. (a) The case of *Duffield v. DeKalb County*, 242 Ga. 432 (249 SE2d 235) (1978) is a source of the present problem. Correctly analyzed, *Duffield* can aid in its solution. There we held:

> [T]he Constitution provides for a waiver of sovereign immunity where a county creates a nuisance which amounts to an inverse condemnation. [Id. at 433.]

We went on to hold:

> Therefore, no physical invasion damaging to the property need be shown; only an unlawful interference with the right of the owner to enjoy his possession. . . . [T]he [property] owners have clearly stated a claim of inverse condemnation in alleging that the odors and noise from the county's sewage plant have interfered with their right to use, enjoy, and dispose of their property. [Id. at 434.]

(b) What we have done is obvious: in the name of "sovereign immunity," we have said that a county is not liable for damage to property that results from the maintenance by the county of a condition that ordinarily is labelled "nuisance." However, we have applied *to that very same condition* the label "inverse condemnation," and under *that* label, we have allowed recovery.

To expand a troublesome equation even further, we have stated that the measure of damages for what is in reality a "nuisance" must be gauged by those damages appropriate to "a condemnation action."[1]

2. (a) In *Duffield*, of course, there was no "taking" by DeKalb

---

[1] The majority states in Division 1 at p. 138: "[T]he damages which may be recovered in such a suit are limited to those recoverable in a condemnation action."

County of the owners' property. There was no "condemnation" of any kind — either direct or "inverse." What DeKalb County did in *Duffield* is the same thing that it allegedly did in this case: it maintained its sanitary sewer system in such a manner as to create a "nuisance," as that label has been understood over the centuries.[2]

(b) What this court has done today, through the majority opinion, is the same thing we did in *Duffield*. We have employed the same vexatious fiction in order to avoid issues of sovereign immunity. And in failing to free ourselves from the tyranny of labels, we have authenticated a bizarre dichotomy between counties and cities. Hence, cities are liable for the full range of damages actually incurred by the victim of a city-created "nuisance." See *City of Columbus v. Myszka*, 246 Ga. 571, 573 (272 SE2d 302) (1980). Counties, however, are shielded from all claims for damages except those allowable against a condemning authority in the exercise of its power of eminent domain.[3]

In this case, Orwig (unlike Myszka) is restricted severely in the scope of damages she may recover because the doer of harm is a county rather than a city.

FLETCHER, Justice, dissenting.

I would hold that, as a matter of law, two occurrences of sewage backing up do not constitute a continuing nuisance. As the Court of Appeals stated in *Southeastern Liquid Fertilizer Co. v. Chapman*, 103 Ga. App. 773, 775 (120 SE2d 651) (1961):

> The whole idea of *nuisance* is that of either a continuous or regularly repetitious act or condition which causes the hurt, inconvenience or injury. (Emphasis in original.)

Because the acts complained of here are neither continuous nor regularly repetitious, I respectfully dissent.

---

[2] OCGA § 41-1-1 defines nuisance as follows:
A nuisance is anything that causes hurt, inconvenience, or damage to another and the fact that the act done may otherwise be lawful shall not keep it from being a nuisance. The inconvenience complained of shall not be fanciful, or such as would affect only one of fastidious taste, but it shall be such as would affect an ordinary, reasonable man.

[3] See majority opinion, p. 138; and the language of *Wilmoth v. Henry County*, 251 Ga. 643 (309 SE2d 126) (1983): "The damage recoverable in such actions is the decrease in market value and is governed by rules for damages in a condemnation action." *Wilmoth* related to personal injuries received by a juror who slipped and fell at a county courthouse. She claimed that the county had effected a "taking" by requiring her presence for jury duty. Language from *Wilmoth* was used in our opinion in *Fulton County v. Wheaton*, 252 Ga. 49, 51 (310 SE2d 910) (1984). Combining that language with the holding in *Myszka* repeated (in a single case) a dual standard, for which this writer accepts responsibility. In any event, *Wheaton* demonstrates a fault in logic, which we should not perpetuate.

DECIDED MARCH 15, 1991 —
RECONSIDERATION DENIED MARCH 28, 1991.

*Johnson & Montgomery, Albert Sidney Johnson, Nisbet S. Kendrick III,* for appellant.
*Gail C. Flake,* for appellee.
*James F. Grubiak, Oliver Hunter,* amicus curiae.