S96G0580. HIBBS et al. v. CITY OF RIVERDALE.
(478 SE2d 121)

HINES, Justice.

Certiorari was granted to review the decision in *Hibbs v. City of Riverdale*, 219 Ga. App. 457 (465 SE2d 486) (1995), to consider whether the Court of Appeals applied the correct standard for determining whether a condition constitutes a nuisance. We conclude that it did not, and reverse.

The Hibbses and Brown sued the City of Riverdale seeking damages and injunctive relief from the repeated flooding of their property caused by a storm drainage system installed in their subdivision. They alleged that the City negligently approved the developer's plans and construction of the subdivision's inadequate storm drainage system and was responsible for the maintenance of the nuisance resulting from the faulty system. The trial court granted the City's motion for summary judgment with respect to the plaintiffs' claims for negligence, nuisance, and trespass. It concluded that the plaintiffs' nuisance claims failed because the City never accepted the developer's dedication of the subdivision's drainage easement, and, therefore, the City did not have a duty to abate the alleged nuisance. Plaintiffs appealed and the Court of Appeals affirmed the grant of summary judgment to the City, holding that a determination of whether or not the City was responsible for the maintenance of the drainage system was irrelevant because the gravamen of the plaintiffs' complaints was negligence and negligence is insufficient to support a cause of action for nuisance. *Hibbs,* supra at 458 (1).

The Court of Appeals erred when it held that a petition founded in negligence cannot support a cause of action for nuisance.

While a municipality enjoys sovereign immunity from liability for negligent acts done in the exercise of a governmental function, it may be liable for damages it causes to a third party from the creation or maintenance of a nuisance. See *City of Thomasville v. Shank*, 263

Ga. 624 (437 SE2d 306) (1993). The difficulty arises in determining what conduct or act on the part of a municipality will result in the creation or maintenance of a nuisance, as opposed to an action in negligence. In *City of Bowman v. Gunnells*, 243 Ga. 809, 811 (2) (256 SE2d 782) (1979), this Court established guidelines for determining whether a municipality will be liable for creating or maintaining a nuisance: the defect or degree of misfeasance must exceed mere negligence (as distinguished from a single act); the act complained of must be of some duration and the maintenance of the act or defect must be continuous or regularly repetitious; and there must be a failure of municipal action within a reasonable time after knowledge of the defect or dangerous condition.[1]

In determining whether the defect or degree of misfeasance rises to the level of a nuisance, the appellate courts have considered whether the conduct or act of the municipality was a single isolated act of negligence. The Court of Appeals in *Johnson v. City of Atlanta*, 117 Ga. App. 586 (161 SE2d 399) (1968), considered whether municipal employees who used a pressure device to clean out a clogged sewer line resulting in the one-time flooding of a yard and house with sewage created a nuisance. It held:

> [t]he petition alleges a single isolated act of negligence, not continuous or recurrent, and this is not sufficient to show such a negligent trespass constituted a nuisance. This is true though damage to the property, as set out in the petition, is of a "more or less permanent nature."

Id. at 588. Extending the principle, this Court in *Fulton County v. Wheaton*, 252 Ga. 49, 50 (1) (310 SE2d 910) (1984), concluded that the *sole* act of approving a construction project which leads to an increase in surface water runoff cannot impose liability for creating or maintaining a nuisance. However, where a municipality negligently constructs or undertakes to maintain a sewer or drainage system which causes the *repeated* flooding of property, a continuing, abatable nuisance is established, for which the municipality is liable. See *City of Columbus v. Myszka*, 246 Ga. 571 (1) (272 SE2d 302) (1980). See also *City Council of Augusta v. Thorp*, 103 Ga. App. 431 (119 SE2d 595) (1961); *City of Macon v. Cannon*, 89 Ga. App. 484 (79 SE2d 816) (1954); *City of Barnesville v. Parham*, 44 Ga. App. 151 (160 SE 879) (1931); *Lewis v. City of Moultrie*, 27 Ga. App. 757 (110 SE 625) (1921).

---

[1] The *Bowman* court, applying its guidelines, held that because only two hours had passed between the traffic light malfunctioning and the automobile accident, the duration was not sufficient to convert an act of negligence into a nuisance. Id. at 812.

Thus, the Court of Appeals should have determined whether the City's actions in regard to the storm drainage system constituted such exercise of control or acceptance so as to establish a duty on the part of the City to adequately maintain it. See *Wheaton,* supra at 50 (1), and *Myszka,* supra at 572 (1). Because the Court of Appeals failed to make this determination, we remand the case to the Court of Appeals for consideration consistent with this opinion.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED NOVEMBER 25, 1996.

*Eidson & Associates, James A. Eidson, Timothy R. Brennan,* for appellants.

*Foster & Foster, Larry A. Foster, D. Jeffrey Grate, Drew, Eckl & Farnham, Theodore Freeman, Christopher R. Stovall,* for appellee.