## S01A1648. MORRIS et al. v. DOUGLAS COUNTY BOARD OF HEALTH et al.

(561 SE2d 393)

FLETCHER, Chief Justice.

Plaintiffs John and Deanna Morris and LaSalle Home Mortgage Corporation sued defendants Douglas County Board of Health (the "Board of Health"), Douglasville-Douglas County Water and Sewer Authority (the "Authority"), and Peter Frost, the Authority's executive director, alleging that the defendants had failed to maintain and repair the Morrises' septic system. Because we find that the Board of Health did not create or maintain a nuisance and the Authority and Frost breached no duty owed to the plaintiffs, we affirm the trial court's grant of summary judgment in favor of the defendants.

In 1995, John and Deanna Morris purchased the house on lot 10 of Lithia Place subdivision in Douglas County. Although the previous owners had never reported any trouble with the septic system, the Morrises began to experience seepage from the septic system shortly after they moved into the house. These problems led the Board of Health to notify the Morrises that they were in violation of Douglas County ordinances regarding the discharge of raw sewage onto the ground. The Morrises moved out of their house and, together with their mortgage company, sued the defendants, seeking damages and a writ of mandamus requiring the Authority to connect the Morrises to the central sewer.

1. The Board of Health is liable in this case only if the Board's actions created a nuisance that rose to the level of an inverse condemnation.[1] Mere negligence is not enough.[2] Here, the Board of Health took two actions, six years apart, with respect to the Morrises' property. First, in 1989, it approved the installation of a septic system. Second, in 1995, it made a visual inspection of the Morrises' property looking for seepage from the septic system. The Board of Health had no ongoing obligation to maintain the Morrises' septic system, and the two actions it did take are insufficient as a matter of law to make the Board of Health liable for inversely condemning the Morrises' property.

A county is not liable for a nuisance merely because it approved a construction project.[3] The Board of Health approved the installation of septic systems at the Morrises' subdivision based on a portion

---

[1] See *Duffield v. DeKalb Cty.*, 242 Ga. 432, 433 (249 SE2d 235) (1978).

[2] See *Hibbs v. City of Riverdale*, 267 Ga. 337, 338 (478 SE2d 121) (1996) (recognizing that city's obligation to maintain a sewer/drainage system can give rise to liability for a nuisance).

[3] See *Hibbs*, 267 Ga. at 338; *Fulton Cty. v. Wheaton*, 252 Ga. 49, 50 (310 SE2d 910) (1984), overruled in part on different grounds *DeKalb Cty. v. Orwig*, 261 Ga. 137 (402 SE2d 513) (1991).

of the Douglas County Code that permitted temporary septic systems to be installed provided connection to the central sewer system was anticipated within two years. At the time the Board of Health approved the septic systems, the Authority anticipated building a new sewer line to serve the Morrises' subdivision within the next two years. The Authority subsequently decided not to build the new sewer line because of budget issues' and changes in development priorities. There was nothing wrong with the initial installation of the septic system. It worked when first installed and continued to work for several years. Even assuming the Board of Health was negligent in approving the construction of a septic system that was allowed under existing county rules, mere negligence is insufficient to constitute a nuisance that rises to an inverse condemnation.[4]

Similarly, the Board of Health is not liable for anything that it did or did not do while visually inspecting the Morrises' property for seepage from the septic system. To be liable for a nuisance, a county must perform "a continuous or regularly repetitious act, or creat[e] a continuous or regularly repetitious condition" that caused the harm.[5] A single act of negligence is insufficient.[6]

When the Morrises were considering whether to purchase their house, they decided not to hire a home inspector and, instead, requested the Board of Health to inspect the septic system. In September 1995, the Board of Health conducted a visual inspection by walking the Morrises' property looking for signs of seepage from the septic system. Unbeknownst to the Morrises or the Board of Health, the previous owners of the property allegedly had hidden any seepage by dumping roughly four and one-half feet of dirt on top of the septic system.

Following its visual inspection, the Board of Health sent the Morrises a letter that informed them the Board had seen no signs of seepage while walking around on the property. The letter concluded with a paragraph that expressly disclaimed any guarantee as to the status of the septic system or assumption of liability:

> Issuance of this visual inspection letter for an on-site system shall not be construed as a guarantee that such system will function satisfactorily for a given period of time; furthermore, said representatives do not, by any action taken, assume any liability for damages which are [ca]used, or may be caused by the malfunction of such system.

---

[4] See *Hibbs*, 267 Ga. at 338; see also *Orwig*, 261 Ga. at 138.
[5] *Orwig*, 261 Ga. at 139; *Mayor &c. of Savannah v. Palmerio*, 242 Ga. 419, 426 (249 SE2d 224) (1978).
[6] *Hibbs*, 267 Ga. at 338.

The Morrises were told that the Board of Health's report was not a guarantee; yet they appear to have treated it as just that. The Board's single visual inspection does not constitute a nuisance. Furthermore, even assuming the Board was negligent in not doing a more complete inspection, a single act of negligence is insufficient to hold the Board liable for an inverse condemnation.[7]

Finally, nothing in *DeKalb County v. Orwig*[8] supports a different conclusion. In *Orwig*, plaintiff's home was connected to the county-owned and maintained sewer system. An obstruction in this county sewer system caused sewage to back up periodically into plaintiff's home. In contrast to *Orwig*, the Morrises' septic system is not owned or maintained by the Board of Health. Because the Board of Health is not charged with the ongoing maintenance of the Morrises' septic system, *Orwig* simply does not apply to the facts in this case.

2. The trial court also correctly granted summary judgment to the Authority and Frost. The basis for the plaintiffs' claim against the Authority and Frost is that the Authority had an ongoing duty to maintain and repair the Morrises' septic system. To support this contention, the plaintiffs rely on section 11-43 (g) of the Douglas County Code, which provides that the Authority "shall be solely responsible for the ongoing inspection, maintenance and repair of [ ] on-site septic tank[s]."

The Authority, however, was created by the General Assembly, and Douglas County cannot unilaterally impose obligations on the Authority that are contrary to its enabling legislation.[9] Although the Authority's enabling legislation allows the Authority to enter agreements regarding septic systems,[10] the record demonstrates that the Authority did not agree to assume the duties set forth in Code § 11-43 (g) and, in fact, was unaware of Douglas County's attempt to expand the Authority's obligations. The record further demonstrates that there was no other enforceable agreement between the Authority and Douglas County that obligated the Authority in any way to inspect, maintain, or repair the Morrises' septic system. Accordingly, the trial court correctly granted the Authority summary judgment. For the same reasons, Frost, who was sued in his official capacity as the Authority's executive director, was also entitled to summary judgment.

3. Based on the rationale set forth above, none of the defendants is liable under 42 U.S.C. § 1983[11] or any of the other theories raised

---

[7] *Hibbs*, 267 Ga. at 338.

[8] 261 Ga. 137.

[9] *Wood v. Gwinnett Cty.*, 243 Ga. 833, 834-835 (257 SE2d 258) (1979).

[10] 1992 Ga. Laws 6310; 1985 Ga. Laws 3584.

[11] See *Rymer v. Douglas Cty.*, 764 F.2d 796 (11th Cir. 1985).

by the plaintiffs.

*Judgment affirmed. All the Justices concur, except Hunstein and Thompson, JJ., who concur in part and dissent in part.*

HUNSTEIN, Justice, concurring in part and dissenting in part.

The issue in this appeal is whether the Douglas County Board of Health is entitled to summary judgment on appellants' claim that it created a nuisance. Because the majority's holding, which concludes that the Board of Health cannot be held responsible for creating or maintaining a nuisance, is unsupported by the circumstances of this case and is contrary to this Court's holding in *DeKalb County v. Orwig*, 261 Ga. 137 (402 SE2d 513) (1991), I respectfully dissent.

The majority holds that the trial court did not err by granting summary judgment to the Board of Health under evidence which showed that the Board of Health issued a building permit for the lot with knowledge that the soil conditions were unsuitable for and incapable of supporting the ongoing operation of a permanent septic system. At the time the Morrises purchased the property, the permitted two-year septic system had been in operation for six years and had already failed. Notwithstanding that the Board of Health had the information solely within its purview, namely, that the septic system was originally approved for a two-year period and originally installed as a temporary measure, the report issued by a Board of Health "specialist" failed to note the inherent inadequacies with the system. Without the on-going camouflage of the septic seepage promulgated by the previous owners, the septic system unsurprisingly failed within weeks of the Morrises' purchase. Ultimately, the home had to be abandoned because it was impossible to make the septic system function properly.

A nuisance has been repeatedly defined as " 'anything that works hurt, inconvenience, or damage to another . . . .' " *State of Ga. v. Ball Investment Co.*, 191 Ga. 382, 389 (2) (12 SE2d 574) (1940), or the performance or creation of a continuous or regularly repetitious act or condition which causes hurt, inconvenience, or injury. *Orwig*, supra at 139 (2); OCGA § 41-1-1. A nuisance exists when there is "the maintenance of a dangerous condition on a continuous or regular basis over a period of time in which no action or inadequate action is taken to correct the condition after knowledge thereof." (Emphasis omitted.) *City of Bowman v. Gunnells*, 243 Ga. 809, 810 (1) (256 SE2d 782) (1979). *Orwig* recognizes that a county can be liable for a nuisance which rises to the level of a taking of property even where the occurrences which constitute the nuisance are limited in number. Hence, as long as it can be established that the county had some hand in creating the nuisance, the appellate courts have allowed evidence of the nuisance to go to the jury for their consideration of

whether the nuisance rose to a level of taking consistent with inverse condemnation.

In light of *Orwig*, which stresses that even limited instances of negligence can create a continuing nuisance, I would hold that the evidence introduced was sufficient to create a question for the jury. Contrary to the majority's position, summary judgment was not demanded on the basis that the Board of Health "took two actions, six years apart, with respect to the Morrises' property." One clear function of the Board of Health's permitting process is to insure that waste discharged from individual septic systems does not contaminate water, property or create a health hazard. Thus, while I recognize that each case of claimed nuisance depends upon many factors, I am of the firm opinion that a question exists under the circumstances of this case whether the Board of Health should be held liable for inversely condemning the Morrises' property where there is evidence that the Board of Health issued the building permit to install the septic system, that it failed to notify the Morrises that the septic system it was asked to inspect was of a temporary nature and operating past the time allowed, and it took no effort to connect the home to the sewer system constructed only 1,000 feet from the home upon learning that the septic system had failed. See *Fielder v. Rice Constr. Co.*, 239 Ga. App. 362 (1) (522 SE2d 13) (1999) (health department's approval of the lot for septic tank use, setting aside requirements of its own office which allowed substandard septic tank conditions to be approved, and failure to take the appropriate steps necessary to abate the nuisance raise a jury question whether such acts and omissions constituted maintaining a nuisance by the health department).

Accordingly, I respectfully dissent to the majority's affirmance of the trial court's order granting summary judgment to the Board of Health but concur with the majority's affirmance of the trial court's order granting summary judgment to the Authority and its executive director.

I am authorized to state that Justice Thompson joins in this dissent.

DECIDED MARCH 25, 2002.

*Leon A. Van Gelderen, Roy A. Banerjee*, for appellants.

*Drew, Eckl & Farnham, Burke A. Noble, John P. Reale, Robert L. Welch, Hartley, Rowe & Fowler, Joseph H. Fowler, Freeman, Mathis & Gary, T. Bart Gary, Stuart W. Gray*, for appellees.