S06A0452. STANFIELD et al. v. GLYNN COUNTY et al.
S06X0453. WASTE MANAGEMENT OF GEORGIA, INC.
v. STANFIELD et al.
(631 SE2d 374)

CARLEY, Justice.

Pursuant to building permits issued from 1992 to 1997, Waste Management of Georgia, Inc. (Waste Management) operates a solid waste transfer facility on property in Glynn County which is zoned "General Industrial" (GI) and is adjacent to property on which Marc and Jennie Stanfield (Plaintiffs) reside. Plaintiffs brought suit against the County, the Board of Commissioners, and each commissioner and the County Building Officer in their official capacities (County Defendants) and against Waste Management for mandamus, declaratory judgment, injunctive relief, and damages allegedly arising out of nuisance, trespass, and inverse condemnation. Each party filed a motion for summary judgment. The trial court granted the County Defendants' motion, holding that their actions did not rise to the level of an inverse condemnation, which is necessary for any recovery of damages, because the County does not own or have any connection with or control over the waste transfer facility, and ruling that the facility is a permissible use under the GI zoning classification. The trial court denied Waste Management's motion, holding that the evidence created a jury issue on the nuisance claim as to whether operation of the facility was conducted in an illegal manner, and finding that neither the nuisance nor the zoning ordinance is unconstitutional. The trial court also denied Plaintiffs' motion for partial summary judgment. Plaintiffs appeal in Case Number S06A0452, and Waste Management cross-appeals in Case Number S06X0453.

*Case Number S06A0452*

1. Plaintiffs contend that the trial court erroneously granted summary judgment in favor of the County Defendants on the claims for inverse condemnation, nuisance, and trespass.

Counties, unlike municipalities, can be liable for conditions created on private property only under the constitutional eminent domain provisions against taking or damaging such property for public purposes without just and adequate compensation, which provisions function as a waiver of sovereign immunity. *City of Thomasville v. Shank*, 263 Ga. 624 (1) (437 SE2d 306) (1993) (a municipality, irrespective of whether it is exercising a governmental or ministerial function, may be liable for nuisance like any other individual or private corporation); *DeKalb County v. Orwig*, 261 Ga. 137, 138 (1) (402 SE2d 513) (1991); *Duffield v. DeKalb County*, 242 Ga. 432, 434-435 (2) (249 SE2d 235) (1978) ("A county, unlike a municipality, is not . . . generally liable for creating nuisances. [Cits.]").

> "[A] county may be liable for damages . . . if it creates a condition on private property, such as a nuisance, that amounts to inverse condemnation or a taking without compensation." [Cits.] . . . Regardless of how the various claims are denominated, therefore, the plaintiffs may recover if and only if the [trespass or nuisance] amounted to the taking of property without just compensation . . . .

*Shealy v. Unified Govt. of Athens-Clarke County*, 244 Ga. App. 853, 858-859 (537 SE2d 105) (2000). See also *Morris v. Douglas County Bd. of Health*, 274 Ga. 898 (1) (561 SE2d 393) (2002). Thus, the trespass and nuisance claims are duplicative of the inverse condemnation claim. *Shealy v. Unified Govt. of Athens-Clarke County*, supra at 859.

The County neither owns nor is charged with the ongoing maintenance of Waste Management's facility. *Morris v. Douglas County Bd. of Health*, supra at 900 (1). The County's approval of the construction of the waste transfer facility and its issuance of building permits does not subject it to any liability for inverse condemnation or for any claim rising to that level. *Morris v. Douglas County Bd. of Health*, supra at 898-899 (1). Likewise, the County's issuance of citations for violation of the nuisance ordinance does not show that it was responsible for maintaining a nuisance, but rather that it was enforcing that ordinance. See *Morris v. Douglas County Bd. of Health*, supra at 899-900 (1). Compare *Fielder v. Rice Constr. Co.*, 239 Ga. App. 362, 364-367 (1) (522 SE2d 13) (1999). Under these circumstances, the trial court correctly granted summary judgment in favor of the County Defendants on the Plaintiffs' claims for damages.

2. Plaintiffs make several contentions regarding what uses are permitted under the zoning ordinance as properly construed. Both the County Defendants and Plaintiffs correctly recognize that the construction of a zoning ordinance is a question of law for the courts. *Ervin Co. v. Brown*, 228 Ga. 14, 15 (183 SE2d 743) (1971).

Zoning ordinances are to be strictly construed in favor of the property owner. [Cit.] . . . " 'Since statutes or ordinances which restrict an owner's right to freely use his property for any lawful purpose are in derogation of the common law, they must be strictly construed and never extended beyond their plain and explicit terms. (Cits.)' (Cits.)" [Cit.] . . . Any ambiguities in the language employed in zoning statutes should be resolved in favor of the free use of property. [Cit.]

*Bo Fancy Productions v. Rabun County Bd. of Commissioners*, 267 Ga. 341, 342-343 (1) (a) (478 SE2d 373) (1996).

The County's zoning ordinance initially permits in any GI district "[a]ny industrial use which involves manufacturing, processing, or assembly operations, or the storage and sale of heavy materials, products or equipment . . . ." Glynn County Zoning Ordinance § 720.2 (1). Waste transfer facilities come within the broad language therein permitting industrial uses involving processing operations. See *Riddle v. Waller*, 127 Ga. App. 399, 401 (3) (193 SE2d 895) (1972) (broadly construing the phrase "industrial use" in a zoning ordinance).

Further language of the ordinance purports to except certain uses having a specified external impact, "including junk or salvage yards or uses which may cause injurious or obnoxious noise, vibration, smoke, gas, fume, odor, dust, fire hazard, dangerous radiation or conditions objectionable to adjacent or nearby areas." Glynn County Zoning Ordinance § 720.2 (1). Such a specification of "performance standards," as they are often called, is valid if they are "tied to enforcement rather than prevention." *Brent Assoc. v. Pellegrino*, 340 NYS2d 21, 24 (Sup. Ct. 1972). Since the zoning ordinance here does not contain any requirement for a determination of compliance with performance standards prior to construction of an industrial facility, the language setting forth those standards is properly construed as relating to subsequent enforcement. Compare *Lithonia Asphalt Co. v. Hall County Planning Comm.*, 258 Ga. 8 (364 SE2d 860) (1988); *Brent Assoc. v. Pellegrino*, supra. The trial court astutely explained as follows:

With respect to the condition in the ordinance that . . . industrial uses not include uses which may cause obnoxious noise, vibration, or odor, such condition cannot be construed to require a county in advance to guess or speculate as to whether a given use might cause such conditions. Obviously, some similar facilities might cause such conditions and some might effectively control such conditions in such a way as to cause no problem. This provision can only be construed as placing an owner on notice that such noxious results will not

be allowed, and will be subject to regulation by the police power of the County. However, such a provision does not render a waste transfer facility an unlawful use, nor does it preclude the County from permitting construction for an industrial processing use allowed by the ordinance.

Therefore, the trial court correctly held that a waste transfer facility is a permissible use in a GI district. Likewise, to the extent that Waste Management has operated a junk or salvage yard, such use is permissible, but is subject to enforcement of the performance standards set forth in the zoning ordinance.

### Case Number S06X0453

3. Because of our construction of the zoning ordinance in Division 2, it is not necessary to address Waste Management's contention that the ordinance is unconstitutionally vague.

4. However, we still must consider Waste Management's enumerations regarding nuisance, since zoning compliance is not a defense to liability which would otherwise exist for the maintenance of a nuisance. 1 Pindar's Ga. Real Estate Law and Procedure § 3-2, p. 149 (6th ed. 2004).

Waste Management contends that there was not a jury issue as to whether the lawful operation of the waste transfer facility was conducted in an illegal manner. The collection, removal, and disposition of solid waste may constitute a nuisance in certain circumstances. See *Kea v. City of Dublin*, 145 Ga. 511 (89 SE 484) (1916); *Bell v. Mayor and Aldermen of Savannah*, 139 Ga. 298 (77 SE 165) (1913). There was at least some evidence presented in opposition to the motion for summary judgment filed by Waste Management which showed that its facility generated odor, noise, dust, and various pests, and that these conditions resulted in disturbance, discomfort, and annoyance to Plaintiffs and a diminution in the value of their home. See *Gwinnett County v. Vaccaro*, 259 Ga. 61, 62 (2) (376 SE2d 680) (1989) (noxious odors, noise, and insects from a waste water treatment plant); *Duffield v. DeKalb County*, supra at 433-434 (2) (noise and odor pollution from a water pollution control plant); *Kea v. City of Dublin*, supra; *Bell v. Mayor and Aldermen of Savannah*, supra. Such conditions emanating from a waste transfer facility come within the proscriptions of the nuisance ordinance which Waste Management is allegedly violating. In pertinent part, that ordinance reads as follows:

[T]he term nuisance is defined to mean any condition which tends to the immediate annoyance of the public in general, or

is manifestly injurious to the public health, or safety. A nuisance includes, but is not limited to, the keeping, depositing, or scattering on or over the property of . . . decayed vegetables or fruits, . . . junk, trash, litter, or debris, or any dilapidated furniture, appliance, machinery, equipment, [or] building material . . . which is either in a wrecked, junked, dismantled or inoperative condition . . . or anything having an offensive odor.

Glynn County Ordinance § 2-16-237.

Waste Management claims that the last phrase of this nuisance ordinance, "anything having an offensive odor," is unconstitutionally vague. A nuisance ordinance should conform to general law pertaining to nuisances, and is not vague if it uses terms which have well established common law meanings or which are significantly explained in the context of the ordinance as a whole. 6A, McQuillin, The Law of Municipal Corporations § 24.68 (3rd ed. 1997). The term "nuisance" itself " 'has a definite and determined meaning in the law, and is not indefinite, vague, or uncertain.' [Cits.]" *Chamblee Visuals v. City of Chamblee*, 270 Ga. 33, 34 (1) (506 SE2d 113) (1998). See also *Phillips Petroleum Co. v. Anderson*, 74 S2d 544, 548 (Fla. 1954) (the term, "when properly used, may cure an ordinance or statute which would be otherwise too vague"). Furthermore, the term "offensive" does not render a nuisance standard unconstitutionally vague. *State v. Zack*, 674 P2d 329 (Ariz. App. 1983). Indeed, this Court has previously relied on the word "offensive" in defining "nuisance." *Life for God's Stray Animals v. New North Rockdale County Homeowners Assn.*, 253 Ga. 551, 553 (5) (322 SE2d 239) (1984). Moreover, the actual definition of "nuisance" in the ordinance is taken from current and past Georgia statutes. OCGA § 41-2-1; *Henderson v. Ezzard*, 75 Ga. App. 724, 727 (44 SE2d 397) (1947). Accordingly, we do not find the County's nuisance ordinance to be unconstitutionally vague.

*Judgments affirmed in Case Numbers S06A0452 and S06X0453. All the Justices concur.*

DECIDED JUNE 12, 2006 —
RECONSIDERATION DENIED JULY 14, 2006.

*Gillen, Parker & Withers, Thomas A. Withers, Bridges & Wright, Hal Wright*, for Stanfield et al.

*Whelchel, Brown, Readdick & Bumgartner, Terry L. Readdick, Gary Moore*, for Glynn County et al.

*Hunter, Maclean, Exley & Dunn, Erin B. Raley*, for Waste Management of Georgia, Inc.