**FOURTH DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

April 13, 2016

# In the Court of Appeals of Georgia

A15A2026. PRIBEAGU et al. v. GWINNETT COUNTY.

McMILLIAN, Judge.

This Court granted the application of Corneliu and Sanda Pribeagu for interlocutory review of the trial court's order granting a motion in limine filed by Gwinnett County, Georgia (the "County") in the Pribeagus' action against the County for inverse condemnation.

The Pribeagus' complaint alleged that the County failed to maintain the road and storm water drainage system serving the Pribeagus' residence, resulting in repetitious flooding of their home and property. The County moved for summary judgment on these claims, but the trial court denied the motion. The County then filed a motion in limine, asserting that sovereign immunity barred the Pribeagus' claims for damage to personal property, cost of repair, emotional upset, and attorney fees.

Following a hearing, the trial court granted the County's motion in limine and excluded the testimony of two of the Pribeagus' expert witnesses. However, the trial court granted the Pribeagus a certificate of immediate review of its ruling, which led to this appeal. The Pribeagus argue on appeal that the trial court erred in excluding evidence relating to their claims for damages to personal property and for attorney fees and in barring the testimony of two of their experts relating to damage to personal property and cost of repair.

"A motion in limine is properly granted when there is no circumstance under which the evidence under scrutiny is likely to be admissible at trial." (Citation and punctuation omitted.) *Webster v. Desai*, 305 Ga. App. 234, 235 (1) (699 SE2d 419) (2010). "Admission of evidence lies in the sound discretion of the trial court, and we will not reverse in the absence of a showing of abuse of discretion." (Citation and punctuation omitted.) *Huckaby v. Cheatham*, 272 Ga. App. 746, 752 (2) (612 SE2d 810) (2005). See also *Blackwell v. Potts*, 266 Ga. App. 702, 705 (1) (598 SE2d 1) (2004) (appellate courts review a ruling on a motion in limine for an abuse of discretion).

The Pribeagus' inverse condemnation claim is based on allegations that the County created a continuing nuisance, resulting in repeated flooding to their property.

In Georgia, "[a] county, unlike a municipality, is not . . . generally liable for creating nuisances." *Duffield v. DeKalb County*, 242 Ga. 432, 434 (2) (249 SE2d 235) (1978). Rather, a county is only liable when it "causes a nuisance to exist which amounts to a taking of property of one of its citizens for public purposes." (Citation and punctuation omitted.) *DeKalb County v. Orwig*, 261 Ga. 137, 138 (1) (402 SE2d 513) (1991) ("*Orwig II*"). See also *Columbia County v. Doolittle*, 270 Ga. 490, 491 (1) (512 SE2d 236) (1999) (recognizing that counties may be sued in inverse condemnation for a continuing nuisance); *Duffield*, 242 Ga. at 433 (1) (counties may be subject to liability under a theory of inverse condemnation). Thus, "a county cannot be liable for a nuisance which does not rise to the level of a taking of property" under the Georgia Constitution. *Orwig II*, 261 Ga. at 138 (1).[1]

Accordingly, the Pribeagus are "only entitled, if [they are] entitled to damages at all, to those damages recoverable under a theory of inverse condemnation." *Orwig*

---

[1] Although it is well settled that counties in this State are subject to the protections of sovereign immunity granted by Article I, Section II, Paragraph IX (e) of the Georgia Constitution, *Gilbert v. Richardson*, 264 Ga. 744, 747 (2) (452 SE2d 476) (1994), a claim for the inverse condemnation of property arises under a separate provision of the Georgia Constitution that "itself requires just compensation for takings." *Georgia Dept. of Natural Resources v. Center for a Sustainable Coast, Inc.*, 294 Ga. 593, 600 (2) (755 SE2d 184) (2014). See also Ga. Const. of 1983, Art. I, Sec. III, Par. I (a). Thus, sovereign immunity does not apply in such cases. *Sustainable Coast*, 294 Ga. at 600 (2).

*II*, 261 Ga. at 139 (3). "Damages recoverable in an inverse condemnation are a substitute for the damages recoverable in a condemnation proceeding, and are measured by the same standard." (Citation and punctuation omitted.) *Dept. of Transp. v. Edwards*, 267 Ga. 733, 737 (1) (b) (482 SE2d 260) (1997). See also *Howard v. Gourmet Concepts Intl., Inc.*, 242 Ga. App. 521, 524 (3) (529 SE2d 406) (2000) (measure of damages in an inverse condemnation case same as in condemnation cases). In condemnation actions, only two elements of damages are considered: "first, the market value of the property actually taken; second, the consequential damage that will naturally and proximately arise to the remainder of the owner's property from the taking of the part which is taken and the devoting of it to the purposes for which it is condemned." (Citation and punctuation omitted.) *Simon v. Dept. of Transp.*, 245 Ga. 478, 478 (265 SE2d 777) (1980). See also *Dept. of Transp. v. White*, 270 Ga. 281, 282 (508 SE2d 407) (1998); *Flo-Rob, Inc. v. Colonial Pipeline Co.*, 170 Ga. App. 650, 651 (317 SE2d 885) (1984). Cf. OCGA § 22-2-109 (c). "Consequential damages are shown by the difference between the fair market value of the remaining property prior to the taking and the fair market value of the remaining property after the taking." (Citation and punctuation omitted.) *Dept. of Transp. v. Ogburn Hardware & Supply, Inc.*, 273 Ga. App. 124, 126 (1) (614 SE2d 108) (2005).

4

1. The Pribeagus assert that the trial court erred in finding that they were not entitled to recover for damages to their personal property under their inverse condemnation claim and in excluding the testimony of their expert Wayne McKinley, "a personal property loss adjuster," whom they identified as an expert to testify on their personal property losses. They argue that the trial court erred in relying on the Supreme Court's opinion in *Orwig II* to find that they were not entitled as a matter of law to recover damages to personal property. We agree.

In their complaint, the Pribeagus asserted that the County is liable for all "direct, consequential, special and emotional damages"[2] arising out of the repeated flooding of their home. Following the hearing on the motion in limine, the Pribeagus submitted a schedule prepared by McKinley listing the personal property, including furniture and other household items, as to which they are seeking damages.[3] The trial

---

[2] However, the Pribeagus' attorney conceded at the hearing on the motion in limine that they could not state a claim for emotional damages.

[3] We note that in their original briefing, the Pribeagus failed to cite us to this schedule or to any document in the record addressing the content and nature of McKinley's testimony. However, in their motion for reconsideration, the Pribeagus provided record citations to the schedule and argument addressing McKinley's testimony. The record in this case consists of 14 volumes and over 4300 pages, and we reiterate that it is not the duty of this Court to cull the record on a party's behalf to locate information in support of the party's argument. *Carlisle v. Abend*, 288 Ga. App. 150, 151 (1) (653 SE2d 388) (2007). Rather, it is the party's duty in the first

5

court subsequently granted the motion in limine as to their claim of damage to such property finding that under *Orwig II*, as "[a]gainst a county, the only damages recoverable are for the reduction in value of the affected property."

In *Orwig II*, the plaintiff sought to recover damages against DeKalb County resulting from two instances of sewage backing up into her home, and the jury entered a verdict awarding her damages to her real and personal property and for attorney fees. 261 Ga. at 137. In addition, the plaintiff had asserted claims to recover damages for mental and emotional distress and attorney fees, and this Court held in *DeKalb County v. Orwig*, 196 Ga. App. 255, 259 (2) & (3) (395 SE2d 824) (1990) ("*Orwig I*"), that such damages were recoverable against the county. It also held that the trial court erred in refusing to let the jury consider certain evidence relevant to the claim of mental distress. Id. at 261 (7). This Court based its determination on a finding that the plaintiff did not have to prove a constitutional taking in order to recover against the county, id. at 258 (1), and her recovery was not limited to only those damages recoverable in a condemnation proceeding. Id. at 258 (2).

---

instance to cite to "such parts of the record or transcript essential to a consideration of the errors complained of," and such "[r]ecord and transcript citations shall be to the *volume* or part of the record or transcript *and the page numbers* that appear on the appellate record or transcript as sent from the trial court." (Emphasis supplied.) Ga. Ct. of App. R. 25 (a) (1).

6

As noted above, however, the Supreme Court held in *Orwig II* that a county is only liable for nuisances that amount to a constitutional taking of property. 261 Ga. at 138 (1). Thus, the Supreme Court reversed this Court's holding to the contrary and stated that "[i]t follows from our holding that damages in cases such as this one cannot include such items as damages for mental distress and expenses of litigation." Id. But neither this Court's opinion nor the Supreme Court's opinion in the *Orwig* case specifically addressed the issue of whether a plaintiff can recover for damages to personal property in an inverse condemnation action. Accordingly, we find that the trial court abused its discretion in relying on *Orwig II* to grant the County's motion in limine as to such damages.

Moreover, we note that the eminent domain provisions of the Georgia Constitution provide that "private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid." Ga. Const. of 1983, Art. I, Sec. III, Par. I (a). Our Supreme Court has held that as used in this provision, "[t]he term 'property' is a very comprehensive one, and is used not only to signify things real and personal owned, but to designate the right of ownership and that which is subject to be owned and enjoyed." (Citation and punctuation omitted.) *Bowers v. Fulton County*, 221 Ga. 731, 737 (2) (146 SE2d 884) (1966). Thus, the

Court criticized certain earlier decisions addressing condemnation damages, finding that they had "[failed] to perceive that the right of the owner to recover for damage done [to] his property was inclusive of damages to every species of property, real and personal, corporeal and incorporeal." Id. The Court then concluded that

> [t]he constitutional provision is susceptible to no construction except the condemnee is entitled to be compensated for all damage to his property and expense caused by the condemnation proceedings. Such damages and expenses are separate and distinct items from the amount which he is entitled to recover as the actual value of his building.

Id. at 738 (2). Accordingly, the Court held that the condemnee in that case was entitled to recover business losses and the cost of removing equipment, fixtures, and supplies from the condemned property. Id. at 738-39 (2). See also *Woodside v. City of Atlanta*, 214 Ga. 75, 83 (3) (103 SE2d 108) (1958) (noting comprehensive definition of property); *R. E. Adams Properties, Inc. v. City of Gainesville*, 125 Ga. App. 800, 804 (2) (189 SE2d 114) (1972) (citing *Bowers* in allowing recovery for lost rental income).

Based on the foregoing, we reverse the grant of the County's motion in limine as to the Pribeagus' claim for damage to personal property.[4]

2. The Pribeagus also assert that the trial court erred in limiting the evidence that could be presented at trial regarding damages to their real property by excluding evidence of the cost of repair and the testimony of their expert, David Bennett, a contractor with "30 years of experience in the residential and commercial building trades." Although the Pribeagus have not cited us to Bennett's testimony in the record, we have nevertheless reviewed the affidavit he submitted in support of their opposition to the County's motion for summary judgment. In that affidavit, he asserts that he prepared an estimate of the cost of restoring and repairing the damaged property in the amount of $45,540.81 and further opined that the actions taken by the Pribeagus to their property had not caused or contributed to the flooding.

On appeal, the Pribeagus assert that they are seeking damages for both the diminution in value to their property affected by the flooding and consequential

_____

[4] The County asserts, in the alternative, that the motion in limine was properly granted because the County did not have notice that dangerous conditions existed before the Pribeagus' property flooded. We express no opinion as to what the evidence may or may not show at trial as to the County's notice or whether the alleged nuisance rose to the level of a taking of property.

damages to the remainder[5] and that they plan to introduce evidence of the cost of repair only to show how such costs adversely affected the fair market value of their property. See *Edwards*, 267 Ga. at 737 (1) (b) (upholding award of dimunition in value of property and consequential damages in inverse condemnation proceeding); *Ogburn Hardware*, 273 Ga. App. at 127 (1) (same). Cf. *Henry County Water and Sewer Auth. v. Adelson*, 269 Ga. App. 206, 207 (1) (603 SE2d 714) (2004) (in considering consequential damages in condemnation action, trial court properly allowed evidence of future flooding to uncondemned portion of property arising from maintenance of reservoir on condemned portion of owner's land).

In analogous circumstances, this Court has found that "evidence of damage to the property as a result of the taking (represented by a cost to cure) may be considered a factor in establishing the reduced fair market value of the remaining property after the taking." (Citation and punctuation omitted.) *Ogburn Hardware*, 273 Ga. App. at 126 (1). See also *Steele v. Dept. of Transp.*, 295 Ga. App. 244, 247 (2) (671 SE2d 275) (2008) (cost to cure cannot be considered as a separate element of damages, but

---

[5] The County does not dispute that recovery for such consequential damages may be a part of just and adequate compensation in an inverse condemnation proceeding, but it disputes that the Pribeagus can establish their claim to recover any damages.

10

may be used to show how the cost to cure adversely affected the value of their remaining property); *Dept. of Transp. v. Morris*, 263 Ga. App. 606, 608 (1) (588 SE2d 773) (2003) (evidence of damage to a fence as a result of taking may be considered as a factor in the fair market value of the property after the taking); *Dept. of Transp. v. 2.953 Acres of Land*, 219 Ga. App. 45, 47 (1) (463 SE2d 912) (1995) ("evidence as to the cost to cure may be admissible as a factor to be considered in determining the amount of recoverable consequential damages to the remainder.") (citation and punctuation omitted). See also *DeKalb County v. Heath*, 331 Ga. App. 179 (770 SE2d 269) (2015) (allowing consideration of evidence of cost of repairs in inverse condemnation action arising from flooding of plaintiff's land resulting from County's maintenance of sewer and storm water drainage system). However, where evidence of cost of repair "[plays] no part in the appraiser's calculation of the fair market value" of the property, such evidence does not support a claim of damages in a condemnation proceeding. *Morris*, 263 Ga. App. at 609 (1).

Accordingly, we find that the trial court erred in excluding the Pribeagus' evidence, including Bennett's testimony, regarding the cost of repair and hold that such evidence is admissible to the extent that it is offered as a factor in determining the amount of any diminution in value to the Pribeagus' property (i.e., the difference

11

between the fair market value of the property prior to the taking and the fair market value of the property after the taking) and not as a separate element of damages.

3. The Pribeagus next contend that the trial court erred in excluding evidence on their claim for attorney fees. We agree.

The trial court again misapplied *Orwig II* in excluding the Pribeagus evidence in support of their claim for attorney fees. In *Orwig II*, the plaintiffs apparently sought attorney fees as part of their claim for just and adequate compensation arising out of the taking of their property, as no other basis is cited for such an award. See *Orwig II*, 261 Ga. at 137; *DeKalb County v. Orwig*, 196 Ga. App. 255, 259 (3) (395 SE2d 824) (1990). The law was well settled at the time of *Orwig II* that attorney fees are not included as an element of just and adequate compensation under our Constitution's eminent domain provisions, *DeKalb County v. Trustees, Decatur Lodge No. 1602, B. P. O. Elks*, 242 Ga. 707, 708 (251 SE2d 243) (1978), and thus the Orwigs were not entitled to attorney fees on the basis of their inverse condemnation claim alone.

However, the Pribeagus do not seek attorney fees under the theory of inverse condemnation, but rather assert their claim under OCGA § 13-6-11, alleging that the County acted in bad faith, was stubbornly litigious, and caused them unnecessary

12

trouble and expense.[6] After *Orwig II*, the Georgia Supreme Court expressly held that a county is subject to a fee award under OCGA § 13-6-11, *Forsyth County v. Martin*, 279 Ga. 215, 219 (2) (a) (610 SE2d 512) (2005), and further that attorney fees under that statute may be recoverable in an inverse condemnation proceeding. *Dept. of Transp. v. Edwards*, 267 Ga. 733, 737 (1) (b) (482 SE2d 260) (1997). See also *DeKalb County v. Daniels*, 174 Ga. App. 319, 321-22 (6) (329 SE2d 620) (1985) (upholding award of OCGA § 13-6-11 damages in an inverse condemnation proceeding against a county). Accordingly, the trial court erred in excluding evidence relating to the Pribeagus' claim for attorney fees.

*Judgment reversed. Barnes, P. J., and Rickman, J., concur*.

---

[6] On appeal, the County concedes that "on the proper facts, a county may be liable for an award of attorney's fees in an inverse condemnation case," asserting only that the Pribeagus failed to present any evidence of bad faith.